*1835.*

*PATTERSON*
*v.*
*ACKERSON.*

---

## PATTERSON *v.* ACKERSON, *et al.*

---

Although a receipt, not under seal, is expressed to be in full, and therefore presumptive, in favor of payment in full, yet the presumption may be repelled, explained and contradicted by parol testimony. And where a party claims against the face of such receipt, it is for him to prove his prior demands and 'tis not obligatory upon the holder of the receipt to show previous payment independent of the receipt.

---

The question upon the genuineness of a receipt (in respect to its date) which had been one of the points in controversy —see 1st vol. 101,—was put at rest by the verdict of a jury upon a new trial. The receipt was found to be genuine as related to the date it bore. This was the form of the receipt :

*February 3, 1835.*

*Receipt.*
*Parol*
*testimony.*

" Recd. Sept. 8th 1825, from Mr. William Patterson, one hundred and twenty-five dollars in full for rent for Factory up to the twentieth of August last."

(Signed) " David Cole,
" Secretary."

The question now was, upon the effect to be given to the receipt as a piece of evidence : whether it was to be taken in discharge of all previous rent or only in full of rent to the amount of one hundred and twenty-five dollars—which was

1835.

PATTERSON
v.
ACKERSON.

for one quarter's rent due on the twentieth day of August preceding.

In taking the accounts under an order of reference, the master had considered the receipt as only in full for the quarter, and had charged the complainant with the rent of several previous quarters: no other evidence than this receipt having been furnished him. The complainant had taken exceptions to the master's report; and the court was now to decide upon them. These exceptions, so far as they involve any point or principles, will be found referred to in the Vice-Chancellor's opinion.

*Mr. C. F. Grim* and *Mr. S. A. Foote*, for the complainant and in support of the exceptions.

*Mr. S. Sherwood*, contra.

July 6th.

THE VICE-CHANCELLOR:—The receipt for rent due on the twentieth of August, and expressed to be in full, is strongly presumptive evidence of payment of all former arrears; but presumptions arising in this way are, like all other presumptions, liable to be repelled by proof: unless, indeed, the acquittance, for the more recent demand, be under hand and seal, for then it will operate by way of estoppel and exclude all proof to the contrary: Matthews' Pres. Ev. 398. A written receipt like the one before the court, not under seal, is always open to explanation and contradiction by parol evidence; and hence, although it may be, *prima facie*, evidence of the previous quarter's having been satisfied, yet it is not conclusive. Adopting this rule as applicable to the present case, the burthen was upon the defendants to account for the circumstance of the receipt being given for one hundred and twenty-five dollars in full for rent to the twentieth day of August, one thousand eight hundred and twenty-five, while arrears were still due. There is no evidence to explain or clear up the difficulty. The whole bent of the testimony, on the part of the defendants, was to show that the payment, specified in the receipt, was made on the eighth day of September, one thousand eight hundred and *twenty-three*, and that the figures had been altered to make

it read *twenty-five*. But if the payment was made and the receipt given in one thousand eight hundred and twenty-five, as two successive verdicts have found, then there is no satisfactory evidence to falsify the body of the receipt in other respects or to show mistake in the manner of wording it, nor to prove that all the rent previous to the August quarter of one thousand eight hundred and twenty-five had not been paid.

The bill charges that all the rent was paid up to and including the November quarter, of one thousand eight hundred and twenty-five; and this the answer positively denies, as well also as to the payment of any rent subsequent to the month of August, one thousand eight hundred and twenty-three. It is argued that the answer is not disproved. David Cole, however, acknowledges that one hundred and twenty-five dollars was paid at the time the receipt was given; and instead of this being in eighteen hundred and twenty-three, the fact is now conclusively established that it was in one thousand eight hundred and twenty-five, as the receipt imports—and hence, by the combined force of the evidence furnished by the witness and appearing upon the paper, I consider the denials of the answer are disproved.

But it is said, that the receipt being given by an agent is only evidence of so much money paid at the time and not, as against his principals, evidence of a payment in full or of any of the particulars specified in it. The case of *Crary and Morgan* v. *Turner*, 6 J. R. 51, and other cases mentioned in the notes at the close of that case, to which I have been referred in support of the above proposition, appear to me to have no application—being cases of a special or limited agency where the agent or attorney was considered as acting under a particular authority, and could not bind his principal beyond it. But, here, Cole was the secretary of the company and, clearly, a general agent for the purpose of receiving money and giving a proper acquittance when the payment was in full; and I consider his acknowledgment to that effect is to be taken as binding upon them until the contrary is shown—and that the burthen of proof is cast upon them, provided they would gainsay his act.

I appprehend the master has erred in supposing that it was incumbent upon the complainant to make out affirmatively the previous payments independently of and notwithstanding the receipt. The receipt itself was sufficient evidence of the fact; and as the defendants set up claims for rent previously due; they are bound to prove such rent was still in arrear and unpaid. Having failed to do this by satisfactory evidence, the master should not have charged the complainant with any rent which accrued previous to the month of August, one thousand eight hundred and twenty-five. The exceptions to this part of the report must be allowed.

[His honor then went into the matter of exceptions taken to minor points and reserved the question of costs and further directions until an amended report should come in and be confirmed.]