## BRINK *vs.* DOLSEN & DECKER.

Where property is delivered to freighters and factors to be transported to market, and there sold for the benefit of the owner, an action will not lie against them, unless a sale of the property, and the receipt of the proceeds by the defendants is proved, or may be presumed from the lapse of time, and other circumstances.

Nor will an action lie for an omission to pay over the proceeds, without a previous *demand* of the proceeds; or instructions to remit; or proof that it is in the usual course of business for factors and freighters, in such cases, to remit and pay over the proceeds without directions, or demand.

MOTION by the plaintiff to set aside the report of a referee, and for a new trial. The facts are sufficiently detailed in the opinion of Justice Brown.

*M. Swezey,* for the plaintiff.

*J. J. Monell,* for the defendants.

BROWN, J. The plaintiff's declaration in this cause contains three counts. The two first, to recover the value of certain goods delivered at New Hampton, in the county of Orange, to the defendants, who were freighters and factors, to be transported to the city of New-York, and there sold for the plaintiff, and to pay over the proceeds, upon request, for a certain hire and reward. Both counts aver a sale of the property, and a receipt of the proceeds by the defendants. Then there is the common indebitatus count for goods sold and delivered, and for money lent, had and received, paid, laid out and expended, &c. The cause was heard before a referee, who made a report in favor of the defendants, which the plaintiff now moves to set aside, and for a new trial.

The evidence established that the defendants were copartners as freighters and factors, and the delivery of the property as set forth in the declaration, in March, July and October, 1845. There is no proof, however, of a sale by the defendants, nor of

any particular directions as to the disposition of the proceeds, nor of any demand before suit brought. Nor was any evidence offered to show that it was in the usual course of business to remit and pay over without directions.

The suit was commenced in February, 1847, nearly two years after the delivery of a part of the goods. And it was in evidence that the defendants ceased to do business in February or March, 1846. From these circumstances, and in the absence of other evidence to the contrary, I think a jury or a referee might fairly infer a sale of the property and the receipt of the proceeds by the defendants. (*Chitty on Cont. 5th Am. ed.* 603.) And if this was the only difficulty in the way of the plaintiff's recovery, I think there should be a new trial, in order that a jury might pass upon that question. There is, however, a more serious obstacle to overcome, and that is the absence of any instructions to remit or pay over the proceeds, the want of proof that there had been a demand, or that it was in the usual course of such business to pay over without directions or demand. Here is an attempt to put the factor employed to sell the plaintiff's property in the wrong, and subject him to a prosecution, without showing him guilty of any neglect of duty, or breach of the trust confided to him. Freighters and factors upon our rivers and railroads, who receive produce from farmers and others, to be transported and sold in the city of New-York, and receive into their own hands the proceeds, are certainly not bound to look up their principals in order to pay over the money. Such a rule would not only be inconvenient and unreasonable, but it would be manifestly unjust. If they are ready at their places of business to produce their accounts and pay over the proceeds when called for, it is all that should be required of them. At first sight there would seem to be some confusion and conflict of authority as to the necessity of a demand before suit brought. But I apprehend that a careful examination of the authorities will readily reconcile this apparent inconsistency. There are decisions which maintain that where the factor unreasonably neglects to render an account of sales, an action may be maintained against him for the proceeds, without any previous

Brink *v.* Dolsen.

demand. But this unreasonable neglect most certainly refers to a disregard of positive instructions given at the time the goods were delivered, or to a disregard of the known and established usages of the business in which the defendant is engaged. (7 *Pick.* 214. *Id.* 146. 6 *Cowen*, 183, *note a.* *Chitty on Cont.* 5*th ed.* 619, *note* 1.) The authorities, however, are numerous and decisive, that in a case like the present there must be a demand before suit brought. (*Chitty on Cont.* 5*th Am. ed.* 231, *note* 1. *Id.* 619. 10 *John.* 285. 1 *Taunt.* 572. 24 *Wend.* 203.) In the last case the rule is laid down in very explicit terms, " that this action for money had and received to the plaintiff's use, can not be maintained without showing either a demand or instructions to remit, or that, according to the course of the business, it was the duty of the defendant to remit without instructions." This action is not brought against the defendant for not accounting within a reasonable time, but for an omission to pay over the proceeds; or for money had and received to the plaintiff's use. If it should be assumed that the lapse of time, intermediate the delivery of the property and the commencement of the action, coupled with the dissolution of the defendants' copartnership, and their cessation to do business, would warrant the presumption of a sale of the property and a receipt of the proceeds by the defendants, still we must regard the rule laid down in *Cooly* v. *Betts*, (24 *Wend.* 203,) as the law which must govern the case.

The motion to set aside the report of the referee must therefore be denied; and a judgment of nonsuit entered, with costs.

BARCULO, J. I think the case shows clearly that the property for which suit is brought was delivered to the defendants in their character of *freighters*, and it no where appears that the property was disposed of or converted into money. Under such circumstances, it can hardly be pretended that the defendants could be made liable, in any form of action, without a demand. The usual course of business was to return the proceeds of the property sent by them, at their place of business. A demand at such a place seems therefore a prerequisite to the com-

mencement of a suit. I therefore think the referee decided correctly that there was nothing due from the defendants to the plaintiff; and that the motion to set aside his report should be denied, and a judgment of *nonsuit* entered; in order that the plaintiff may not be precluded from bringing another suit.

McCoun, P. J. concurred.

Motion to set aside report denied.

SAME TERM.     *Before the same Justices.*