MAX DANZIGER, AS COMMITTEE OF RUDOLPH TAUSZKY, A LUNATIC, RESPONDENT, *v.* MARY IRENE HOYT, APPELLANT.

*A receipt in full is* prima facie *proof that the entire value of professional services rendered has been paid — the recovery, in an action for services rendered by a physician, is limited by his own estimate of their value.*

Upon the trial of this action, brought by the plaintiff, as committee of Dr. Rudolph Tauszky, to recover for medical services rendered by Dr. Tauszky to the defendant, the referee assessed the value of the professional services rendered in 1884 at $6,000, deducted $2,500 paid by the defendant's mother in her behalf, and directed a judgment for the balance. To sustain the defense of payment, which was pleaded by the defendant, a receipt was put in evidence which reads as follows:

"2,500.                                    NEW YORK, 18*th October,* 1884.

"Received of Mrs. H. M. Hoyt twenty-five hundred dollars in full for medical services to 4th inst.

                          "RUDOLPH TAUSZKY, M. D."

No evidence tending to disprove the correctness of the receipt was given.

*Held,* that the referee erred in refusing to find, as requested by the counsel for the defendant, that Dr. Tauszky was paid *in full* for all medical services rendered to her up to October 4, 1884.

The plaintiff claimed that as the referee had found that Dr. Tauszky's medical services, in 1884, were worth $6,000 the payment of $2,500 could not discharge the whole debt.

*Held,* that as it might be safely and fairly assumed that Dr. Tauszky would not undervalue his own labors, and in seeking compensation from his patient would

ask quite as much as his services were worth, the fact that he had given the receipt acknowledging full payment for those services up to October fourth, was strong evidence that he himself appraised their value at that amount.

The estimate which a plaintiff puts upon the value of his own services as a doctor or a lawyer, in a suit to recover on account of the same, should be deemed a conclusive limitation of the amount of his recovery. He may be awarded less, if the evidence will warrant it, but he ought never to be allowed more.

Appeal from a judgment in favor of the plaintiff entered on the report of a referee.

*Frank J. Dupignac*, for the appellant.

*Lewis Sanders*, for the respondent.

BARTLETT, J.:

The plaintiff brings this suit as the committee of Dr. Rudolph Tauszky, who has been adjudged a lunatic, to recover $17,000 as the value of services rendered by that physician to the defendant in 1883 and 1884 and also $729.03 alleged to have been paid out at her request. The claim on account of services is two-fold: First, for medical attendance upon the defendant; and, secondly, for assistance afforded her in contesting her father's will. The referee has found that for all he did in 1883, Dr. Tauszky rendered a bill of $8,250, but accepted $5,000 in full payment. He assesses the value of the professional services in 1884 at $6,000, and of the services in the will case at $3,000, making $9,000 in all, from which he deducts $2,500 paid by the defendant's mother in her behalf, on account of medical attendance in that year. Judgment is directed and has been entered in favor of the plaintiff for the balance of $6,500 with interest.

It is necessary to consider only one of the exceptions presented by the record in order to dispose of this appeal. The rendition of professional services, but no others, was admitted by the answer, which further averred that the defendant had fully paid Dr. Tauszky for all services. To sustain the defense of payment a receipt given by Dr. Tauszky to the defendant's mother Mrs. Helen Maria Hoyt, was put in evidence. It read as follows:

"$2,500.                          "NEW YORK, 18*th October*, 1884.

"Received of Mrs. H. M. Hoyt twenty-five hundred dollars in full for medical services to 4th inst.

"RUDOLPH TAUSZKY, M. D."

The referee found that the amount stated in this receipt was paid in behalf of the defendant, and he gave her credit therefor; but he refused to find, as requested by her counsel, that Dr. Tauszky was paid *in full* for all medical services rendered to her up to October 4, 1884, although there was no evidence on the subject of this receipt tending to disprove its correctness, and no evidence whatever except its identification by Mrs. Hoyt, and her testimony that the medical services referred to therein were rendered to her daughter Miss Hoyt, the defendant.

We think the exception to the referee's refusal to give effect to this receipt, as *prima facie* proof of payment in full up to October 4, 1884, is well taken. The rule applicable to instruments of this kind is well stated by Messrs. Cowen and Hill in their notes to Phillips on Evidence, where they say, " But if a receipt in full is given with a knowledge of all the circumstances, and there is no mistake or surprise on one side or fraud or imposition on the other, it will be effectual to defeat a further claim." (3 Phillips on Ev., Cow. & H. Notes, 1439.) Where a receipt in full is clearly identified as the writing of a party, and comes before the court without any other evidence concerning it except such as tends to support it as an admission by that party, it suffices to raise a presumption of complete payment up to the date to which it refers, and this presumption should prevail in the absence of proof to rebut it. Such a receipt of course, as has been held over and over again, furnishes only *prima facie* evidence of the facts stated therein, and is open to explanation and contradiction by parol testimony; but standing by itself it affords presumptive proof of the payment of all arrears. (*Patterson* v. *Ackerson*, 2 Edw. Ch., 427.)

The respondent, however, relies upon the familiar proposition that the payment of a less sum of money than the whole debt will not satisfy the entire claim, unless the payment be made by way of accord and satisfaction, or be acknowledged by a release under seal. The referee having found that Dr. Tauszky's medical services in 1884 were worth $6,000, it is said that the payment of $2,500 could not work a complete discharge of that debt. But some effect should be given to the language of the receipt in determining the value of the professional work to which it referred. The money value of a physician's services is not ascertainable with the same

precision as the market-price of corn or cotton. In almost any given case, medical men will differ greatly in their estimates of the value of work done by one of their professional brethren. It may safely and fairly be assumed, however, that Dr. Tauszky himself would not undervalue his own labors, and that in seeking compensation from his patient he would ask quite as much as his services were worth. The fact that he gave a receipt acknowledging full payment for those services up to October 4, 1884, is strong evidence that he himself appraised their value at that amount. If Dr. Tauszky were not insane and were to take the witness stand and testify that what he did in 1884, up to October 4, was worth only $2,500, no court or jury would award him a larger rate of compensation for that period. The estimate which a plaintiff puts upon the value of his own services as a doctor or a lawyer, in a suit to recover on account of the same, should be deemed a conclusive limitation of the amount of his recovery. He may be awarded less, if the evidence will warrant it, but he ought never to be allowed more. The receipt in question, in the absence of any thing to qualify or contradict it, was proof of what Dr. Tauszky thought his medical services were worth, and should have been accepted by the referee as conclusive, so far as it went. It was error, therefore, to refuse to find that Dr. Tauszky was paid in full for all medical services rendered by him to the defendant up to October 4, 1884, and for this error the judgment should be reversed and a new trial granted with costs to abide the event.

DANIELS and BRADY, JJ., concurred.

Judgment reversed, new trial granted, costs to abide event.