MARGARET BUDD, Appellant and Respondent *v.* STEPHEN A. WALKER, as Executor, etc., Appellant and Respondent.

In an action for an accounting as to moneys alleged to have been placed in the hands of S., defendant's testator, by plaintiff for investment, the only evidence presented was a letter from S. to plaintiff, which, after acknowledging the receipt of the money and that it was drawing interest at seven per cent, continued as follows: "If I can find an opportunity of purchasing a mortgage * * * whereby I can, without risk, secure a greater profit, I shall do so unless you wish to make any other use of the money; should you desire to use it, please let me know." *Held*, that the relation of plaintiff to the decedent was that of a creditor upon a simple contract, not that of a beneficiary under a trust; that the amount was payable at once and the statute of limitations then began to run, and after the lapse of six years was a bar to the action.

(Argued March 14, 1889; decided April 16, 1889.)

CROSS-APPEALS from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 23, 1888, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

"This action was brought in 1882 for an accounting, among other things, because (1), as the complaint states, on the 22d of January, 1859, the 'plaintiff intrusted to Smales, the defendant's testator, $953.72, which sum the testator shortly thereafter informed her he had invested for her at seven per cent per annum.' (2.) Because, 'on or about September, 1866, the testator took up his residence with the plaintiff in the house then occupied by her, being No. 29 West Thirty-third street, in the city of New York, and continued there until the month

of August, in the year 1870, when said testator and the plaintiff removed therefrom to the house No. 164 Fifth avenue, where they resided until the time of the death of said testator, in March, 1881; that during all the period from said September 1, 1866, down to the time of his death, the said houses were successively occupied, kept up and maintained for the joint benefit and joint account of said testator and said plaintiff, and with the agreement between them that said testator should bear, pay and contribute his own proper share or proportion of the expenses of the same in consideration of the benefit and advantage derived by him therefrom.'

"The answer admits that the plaintiff and the testator, at the time of his death, and for a long time prior thereto, resided at the house last named, No. 164 Fifth avenue, but denies the other allegations going to make up any cause of action, and, as affirmative matter, sets up the statute limiting actions upon contract to six years after the right of action accrued.

As to the first cause of action, the court here say: "Its only support is a paper produced by the plaintiff in the handwriting of the testator, and running thus:

'New York, *January* 22, 1859.

'Dear Mrs. Van Kleeck:

'I have this day received from Mrs. Meinell, on your account, six hundred and fifty-three dollars and seventy-two cents ($653.72), which, together with the three hundred dollars ($300) you deposited in my hands about the first September last, are now drawing interest at the rate of seven per cent. If I can find an opportunity of purchasing a mortgage, such as I mentioned to you, whereby I can, without risk, secure a greater profit, I shall do so, unless you wish to make any other use of the money. Should you desire to use it, please let me know.

'H. SMALES.'

"Mrs. Van Kleeck, to whom the letter is addressed, became in 1862, by marriage, Mrs. Budd, and is the plaintiff. In 1859, Mrs. Meinell was in New York and the plaintiff was in Europe. The transaction appears to be explained in a letter dated January 2, 1859, written by Smales to the plaintiff, and in

which, referring to Mrs. Meinell, he says: ' She mentioned your having requested her to hand me the amount of some commissions executed for her in Paris, and that she should do so as soon as they are completed, and I told her I supposed you would send me some directions on the subject.' Both letters were written by him in New York, and sent to her in Paris by mail. The letter and its recitals are, of course, evidence between the parties of the facts recited. It, therefore, appears that in September, 1858, the plaintiff deposited with the testator $300, and that on the 22d day of January, 1859, he received on her account $653.72, and that both sums were bearing interest at the rate of seven per cent. The money was subject to her order and to any use she might choose to put it from that moment. So the letter states, and such would be the implication if there were no statement. As to the decedent, her relation was that of a creditor upon a simple contract and not that of a beneficiary under a trust. He was at once liable to pay as debtor, whether he became such in his character as attorney, collecting money for his client, or whether by transmission from her he received it as her agent. There is no evidence that either sum was placed in his hands for investment. He does, indeed, suggest the purchase of a bond and mortgage, ' if the opportunity was found,' but not then even if the plaintiff wished to ' make any other use of the money,' and as to that he asked to be informed. It does not appear that such information was given. The testator did not constitute himself a trustee, or express an intention to become one; and the relation between the parties, as to the money in his hands, is to be implied from the mere fact that the money belonged to the plaintiff. He assumed no duty nor was he requested to assume a trust. There are no words showing that the money was so taken, nor any evidence that the plaintiff desired an investment or in any way assented to his suggestion, but if the contrary should be assumed, that his suggestion to put the money out on bond and mortgage had been accepted by the plaintiff, the presumption would be that in accordance with the duty thus imposed the instrument would be taken in her name, and there is no claim that he

made any in his own name or took security to himself. The letter is a mere admission of the receipt of the money mentioned in it. It was payable at once, and the fact that it bore interest did not prevent the statute of limitations from beginning to operate. (*Wenman* v. *Mohawk Ins. Co.*, 13 Wend. 267.) Its passage as to either item was not obstructed. That statute was, we think, an answer to the first cause of action.

"As to the second cause of action the court held there was not evidence sufficient to sustain a finding for plaintiff."

*William G. Wilson* for plaintiff.

*Charles E. Miller* for defendant.

DANFORTH, J., reads for reversal and new trial
All concur, except RUGER, Ch. J., not voting.
Judgment reversed.