JOHN MIDDLETON, Appellant, *v.* HORATIO N. TWOMBLY, as Executor, etc., et al., Respondents.

The rule that an action at law cannot be maintained by partners, respecting partnership transactions, does not apply to actions upon express or implied promises in relation to special transactions, or where a balance has been declared, or where the action does not involve an accounting as to the partnership transactions.

When, from the usual course of business or pursuant to special contract and instructions, a foreign factor has been in the habit of remitting the proceeds of consignments received by him without demand from the consignor, it is his duty to remit the proceeds of future consignments without waiting for demand, and a cause of action against him accrues upon the receipt of such proceeds, and his failure to remit.

In an action for money had and received, it appeared that plaintiff, a merchant doing business and residing in China, consigned goods to F., defendant's testator, a commission merchant in New York city, under an agreement that F. should sell said goods, pay from the proceeds their cost, with all expenses of freight, insurance, etc., and share equally with plaintiff the net profits and losses; certain other goods were consigned to him for sale on commission. Prior to January, 1865, F. had sold all the goods consigned, collected the proceeds, rendered statements and remitted to plaintiff his share of the proceeds. In his accounts F. charged the premiums paid by him for insurance on the goods. The insurance companies in which he had insured subsequently declared dividends in favor of their policy holders for business done prior to 1865, and paid over to F. the dividends on such insurance paid by him, the last payment being made in 1867; he never reported or paid over to plaintiff any part thereof; plaintiff had no knowledge of these facts until in 1888, when this action was brought. *Held,* that plaintiff's portion of said dividends became due and payable upon their receipt by F., and no demand was necessary to set running the Statute of Limitations; and so, that the action was barred by the statute.

(Argued January 16, 1891; decided February 24, 1891.)

· APPEAL from order of the Superior Court of the city of New York, made March 4, 1890, which affirmed an order by the trial judge setting aside a verdict in favor of plaintiff and granting a new trial.

This was an action to recover money belonging to plaintiff alleged to have been had and received by William H. Fogg, deceased, defendant's testator.

The facts, so far as material, are stated in the opinion.

*Carlisle Norwood, Jr.*, for appellant.    Fogg lawfully held the money until a demand or instructions to remit, which would be the equivalent of a demand, in which case the statute would not run.    (Code Civ. Pro. § 410.)    When the existence of a personal relation or state of things is once established by proof, the law presumes that relation or state of things to continue to exist as before till the contrary is shown or a different presumption is raised from the nature of the subject in question.    (Taylor on Ev. § 196; Wood on Pres. Ev. § 62; Lawson on Pres. Ev. 175; *Cooper* v. *Dederick*, 22 Barb. 516.)    A joint adventure for a special transaction with an agreement to divide profits or losses, constitutes a valid partnership as to such matters.    (*King* v. *Barnes*, 109 N. Y. 285; Story on Part. [7th ed.] § 91; Wood on Lim. chap. 17, § 210; *Knox* v. *Gye*, 5 H. L. App. Cas. 656.)    A foreign factor is not obliged to pay over until instructed as to the method of remitting; he is not obliged to take any risk as to the remittance.    No cause of action arises against a foreign factor until a demand of payment.    (Angell on Lim. chap. 17, § 179; *Baird* v. *Walker*, 12 Barb. 298, 300; *Halden* v. *Crafts*, 4 E. D. Smith, 490; Edwards on Factors, § 91; Whart. on Agency, 788; *Cooley* v. *Betts*, 24 Wend. 203; *Brink* v. *Dolson*, 8 Barb. 337.)    It was Fogg's duty to apprise Middleton of the facts, and until Fogg gave such notice, the obligation of Middleton to make a demand did not arise at any time, and, therefore, the Statute of Limitations is not a bar.    (*Leyle* v. *Murray*, 4 Sandf. 590, 594.)

*Joseph W. Howe* for respondents. The statute being pleaded the burden of proof to avoid it was upon the plaintiff. (Abb. Tr. Ev. 822; *Baldwin* v. *Martin*, 14 Abb. [N. S.] 9; 2 Greenl. on Ev. § 431.) The Statute of Limitations applicable and which must govern in this case is the Code of Procedure. (Code Pro. §§ 73, 74, 89, 91; Code Civ. Pro. §§ 414, 3356; *Roberts* v. *Ely*, 113 N. Y. 128.) The first cause of action set up in the complaint was barred by the Statute of Limitations. (*Roberts* v. *Ely*, 113 N. Y. 128; *Mills* v. *Mills*, 115 id. 80, 86; *Lillie* v. *Hoyt*, 5 Hill, 395; *Howard* v. *France*, 43 N. Y. 593; *Stacy* v. *Graham*, 14 id. 492, 497; *Ross* v. *Curtis*, 30 Barb. 238; *In re Cole*, 34 Hun, 320; *Pierson* v. *McCurdy*, 100 N. Y. 608; *Atwater* v. *Fowler*, 1 Edw. Ch. 417, 428; *A. B. Society* v. *Hebard*, 51 Barb. 570; *McCluny* v. *Silliman*, 3 Pet. 278; *Didier* v. *Davidson*, 2 Barb. Ch. 484; *S. A. R. R. Co.* v. *Coleman*, 24 Barb. 300; Angell on Lim. chap. 10; *Price* v. *Mulford*, 107 N. Y. 303; *In re Neilley*, 95 id. 382; *Knapp* v. *Simon*, 96 id. 284; *Appleby* v. *Brown*, 24 id. 143; *Borst* v. *Corey*, 15 id. 505.) The second cause of action set up in the complaint was also barred by the Statute of Limitations. (Code Civ. Pro. § 91; *Ross* v. *Curtis*, 30 Barb. 238.)

RUGER, Ch. J. The causes of action in this case arose at several periods between the dates of 1864 and February 8, 1867, upon the receipt by the defendants' testator of the plaintiffs's moneys. The action was commenced in January, 1889, and the sole defense is the Statute of Limitations. It follows necessarily that the causes of action were outlawed. It is conceded by plaintiff that if the defendants' testator was under a legal obligation to remit the funds in his hands to the plaintiff, the action is barred; but he contends that no such duty lay upon the testator until after instructions to remit, or a demand. The principal cause of action arose out of the following state of facts: The plaintiff was a merchant residing and doing business in China, and defendants' testator resided in New York and did business there as a commission

merchant.   Between January 1, 1861, and January 1, 1865, the plaintiff bought goods in China and consigned them to the defendants' testator in New York, under an agreement that the consignee should sell said goods, and from the proceeds pay the cost of the goods, with all expenses of freight, insurance and such as might be incidental to the transaction of the business, and share equally the net profits and losses of the several adventures with the plaintiff.   Previous to January 1, 1865, the consignee had sold all of the goods consigned to him, collected the proceeds, rendered statements of the sale of such goods, the amount of the expenses, and remitted to the plaintiff the share of the proceeds belonging to him.   The insurance companies in which such goods had been insured by the defendants' testator, subsequently declared dividends in favor of their policy holders for business done with them during the years 1862, 1863, 1864 and 1865, and paid over the amount of such dividends to such testator.   Such dividends were received by the consignee, at different times, the last receipt being on February 8, 1867, but he never reported their receipt to the plaintiff or paid over to him any part thereof. The plaintiff was ignorant, not only of the fact that the partnership was entitled to such dividends, but also that they had been paid to one of its members, unil the year 1888.

It cannot be questioned but that these dividends were the legitimate proceeds of the goods consigned by the plaintiff to his partner and assets of the firm, distributable like all other assets to its respective members.   Through inadvertence or mistake the defendants' testator, when rendering his final account of the transactions of the firm to the plaintiff, had omitted to mention these assets, but when they were paid to him, the error or omission in the final account was demonstrated, and he knew it was liable to be opened at the suit of the plaintiff and its mistakes and omissions corrected.   The defendants' testator had the right to retain one-half of these moneys; but the other half did not belong to him, and he knew that the plaintiff was ignorant of the fact that they were due the firm or were in the defendants' hands.   It was

the plain duty of the defendants' testator to remit them to the plaintiff. Aside from these unexpected assets, the affairs of the concern had all been settled up and the relations of partner-ship existing between the consignor and consignee dissolved.

The defendants' testator had an undoubted right to receive these dividends as a member of the partnership firm; and, according to the usual course of business, it was his duty, from time to time as, he received them, to remit the share of such dividends belonging to the plaintiff to him, under the partner-ship agreement. (*Mills* v. *Mills*, 115 N. Y. 80.)

All liabilities of the firm had then been discharged; the assets of the firm had been collected, and consisted of moneys in the hands of the defendants' testator, and there was noth-ing remaining to be done, as to partnership accounts, except the distribution of this asset, so unexpectedly recovered. It is a general rule that an action at law cannot be maintained by partners against each other respecting partnership transac-tions; but this rule does not apply to actions brought upon express or implied promises in relation to special transactions, or where a balance has been declared, or the action does not involve an accounting of the partnership transactions. (*How-ard* v. *France*, 43 N. Y. 593 ; *Crater* v. *Bininger*, 45 id. 545.) The right of the plaintiff to recover this asset is based upon the obligations of the partnership agreement and a promise, to be implied from the circumstances of the case, to pay it. The disso-lution of the firm, leaving this asset unaccounted for, under the circumstances, worked no bar to an action by the plaintiff to recover it. It is entirely immaterial whether the action brought is for an accounting as to the particular asset; or an action for money had and received ; or upon an implied trust, the rule of limitation applicable thereto in the absence of special circumstances, not appearing in this case, is that of six years. (*Roberts* v. *Ely*, 113 N. Y. 128.) Sections 74, 89 and 91 of the Code of Procedure, contain the rule governing this case, as the Code of Civil Procedure was not enacted until long after the time for the commencement of an action to recover this demand had expired, and such actions were expressly

exempted from the operation of section 410 by section 414 of the Code of Civil Procedure. This rule requires that an action "upon a contract, obligation, or liability, express or implied," shall be commenced within six years after the cause of action accrues (§ 91, Code of Procedure).

The second cause of action stated in the complaint, stands upon a slightly different footing; but we think that this also is barred by the Statute of Limitations. In the business, out of which this cause of action arose, the defendants' testator acted as a factor to sell and dispose of the plaintiff's goods and remit the proceeds, less a commission for his services, and the expenses of the business. Insurances, similar to those effected on other consignments, were obtained by the consignee on these, and dividends on such policies were declared by the insurance companies and paid to the consignee after he had disposed of the goods and remitted the proceeds, less his commission, insurance and other expenses, to the plaintiff. The whole of these dividends, *ex æquo et bono,* belonged to the plaintiff and it was the factor's plain duty to remit them to him when they were received.

It is claimed that the defendants' testator received these dividends as a foreign factor and could not be made liable for them until after demand. This is, undoubtedly, the general rule; but, when, from the usual course of business or special contract and instructions, a different practice has been pursued, it is the duty of the consignee to remit without waiting for demand. (*Cooley* v. *Betts,* 24 Wend. 203; *Brink* v. *Dolsen,* 8 Barb. 338.) In this case the consignee had remitted the proceeds of the several consignments previously received by him, and it was supposed by the plaintiff that the transaction was closed; but, by an unexpected chance, the consignee recovered back some of the expenses which he had been obliged to pay out for the plaintiff, and these sums having been allowed by the plaintiff, it was the defendants' testator's manifest duty to rectify the mistake, which then appeared to have been made in his account, by remitting, as he had theretofore done, the sums thus received, to the plaintiff. We do

not think the circumstances of this case required a demand before suit brought, as the cause of action accrued upon the receipt of the money by the consignee and his failure to remit. (*Baker* v. *Exchange Bk.*, 100 N. Y. 31.)

The order of the General Term should be affirmed and judgment absolute ordered for the defendants, on the stipulation, with costs.

All concur.

Order affirmed and judgment accordingly.