## MELLISH v. McMAHON.

*(Supreme Court, General Term, Fifth Department.   June 23, 1892.)*

PARTNERSHIP—DISSOLUTION—ACCOUNTING—LIMITATION.

Where the affairs of a partnership are fully settled, with the exception of certain outstanding accounts, which are considered worthless, but which one of the partners does finally collect, the statute of limitations runs in his favor, as against the other partner, from the settlement of the partnership, and not merely from the time of collection.

Appeal from judgment on report of referee.

Action by Charles F. Mellish, executor of Titus S. Butler, deceased, against Thomas McMahon on a promissory note.   From a judgment of the supreme court on report of a referee, defendant appeals.   Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*W. H. Ransom,* for appellant.   *David Millar,* for respondent.

MACOMBER, J.   This action was upon a promissory note for $1,000, given by the defendant as maker to the plaintiff's testator as payee April 18, 1883. No question arises respecting the defendant's liability thereon.   The defense is a counterclaim upon unsettled partnership accounts between the defendant and the deceased during the years 1876 and 1877.   The testator, Titus S. Butler, entered the employment of the defendant, who was engaged in the meat market business, in the year 1869.   In the year 1876 these persons became copartners in such business, and so continued until the 11th day of November, 1877, when such relations were dissolved by mutual agreement; and within a few months thereafter all of the accounts were adjusted between the copartnership and its debtors and creditors, and all of the debts of the concern were paid.   After the date of such dissolution no firm business was transacted, but, on the contrary, all acts of the members thereof in relation to the firm property consisted of the collection of the debts of the firm and the division of the property of the firm.   On the 25th day of November, 1877, the several members having collected various sums of money due the firm, and having adjusted their accounts between themselves, the defendant bought of Titus S. Butler, the testator, the latter's half interest in the goods and chattels owned by the concern, and paid him therefor in cash upwards of $1,000.   At this time all matters relating to the business of the firm had been settled as between the parties, excepting certain remaining uncollected accounts due the firm.   Between November 25, 1877, and February 25, 1878, by an agreement between the parties, certain accounts due the firm, amounting to upwards of $1,000, were charged to the defendant, and the proceeds thereof were received by him, and all the moneys and other assets of the firm existing at that time were settled and adjusted between the partners, and divided between them according to their respective rights.   The referee has found upon ample proof that even the matter of collecting the accounts of the firm and settling the business was adjusted and practically closed in the spring of the year 1888, not later than the month of March.   There remained but a few outstanding debts due the firm after that time, and these were not collectible, except that in the year 1883 a demand for $8 was collected from one Patrick Tobin by Titus S. Butler, the testator, and on July 17, 1883, the sum of $3.75 was collected by him on a note for upwards of $60, made by one A. H. Tenbrook, and given to said firm.   But these, with other outstanding accounts uncollected, had been considered valueless by the parties since the spring of 1878.   With these trifling exceptions, all matters relating to the business concern, even the collection of the outstanding debts, were fully settled by and between the defendant and the deceased partner, and the balance paid over to and received by each party thereto.   The learned referee has further found that a period of six months from November 11, 1887, was

a reasonable and sufficient time after the ending of the business of the co-partnership to close up its affairs; and also that such affairs were substantially closed within that time. This conclusion, we find, rests upon a just and accurate conception of the nature of the business and the situation of the parties.

This action was begun on the 2d day of May, 1889, and the referee has found, as conclusions of law, that the claim of the defendant for these moneys collected by the deceased partner from Patrick Tobin and A. H. Tenbrook was barred by the statute of limitations. His conclusion, we think, is correct, whether 6 years' limitation or 10 years' limitation is relied upon. *Middleton* v. *Twombly,* 125 N. Y. 520, 26 N. E. Rep. 621; *Gray* v. *Green,* 125 N. Y. 203, 26 N. E. Rep. 253; *Butler* v. *Johnson,* 111 N. Y. 204, 18 N. E. Rep. 643; *Roberts* v. *Ely,* 113 N. Y. 128, 20 N. E. Rep. 606; *Mills* v. *Mills,* 115 N. Y. 80, 21 N. E. Rep. 714. The learned counsel for the appellant has, in an elaborate brief submitted by him, urged with much earnestness and skill that there were many other claims which the deceased had collected, the proceeds of which he had converted to his own use, besides those above mentioned. But an examination of the testimony in the case convinces us that the conclusion of the learned referee upon the facts is sustained by what appears to be reliable evidence. In particular we fail to find any evidence which would have warranted the referee in reaching the conclusion that the deceased partner fraudulently concealed from the defendant the existence of funds which he had collected. The books have remained, from the year 1878, in the hands of the defendant, and, as we understand it, all the items contained in the bill of particulars of the defendant's claim which was demanded and served were spread upon the books themselves, open at all times to the defendant. We have considered the numerous exceptions taken by the counsel for the defendant, but do not find in them anything which would warrant us in reversing the judgment, either upon the facts or the law of the case. Judgment appealed from affirmed, with costs. All concur.