(Surrogate's Court, New York County. December, 1903.)

**1. ADMINISTRATOR—ACCOUNTING—LIMITATIONS.**

Where the next of kin brings proceedings for an accounting by an administrator for money alleged to have been received by him belonging to the estate, he may set up the defense of limitations at any time before the close of the evidence.

**2. SAME—DISMISSAL OF PROCEEDINGS.**

In proceedings against an administrator for an accounting, the petition alleged that the administrator was indebted to the intestate in a trust capacity at the time of her death. The referee appointed to examine the account dismissed the proceedings on deciding that the statute of limitations was a bar. *Held* error, as it was for him to determine whether, on all the facts, the administrator was legally chargeable with any sum of money.

**3. SAME—EVIDENCE.**

In a compulsory accounting by an administrator it was error to exclude a question put to the administrator as to whether he ever received any money or property of his mother's estate not embraced in the account.

In the matter of the estate of Regina Rothschild. Exceptions to report of referee sustained.

Max Almyer (Charles H. Beckett, of counsel), for administrator. Gilbert W. Minor, for contestant.

THOMAS, S. A proceeding was duly commenced on a petition of one of the next of kin of the decedent against the administrator to compel an accounting. On the return day of the citation the attorneys for the petitioner and for the administrator both appeared.

No objection to the granting of the relief was suggested, and thereupon an order was made by the surrogate that the administrator file his accounts as such within two weeks thereafter. This order was obeyed, and an account was filed, in which the administrator admitted the receipt of assets amounting to $288.19, and alleged that he had made disbursements amounting to $843.11. Objections were filed by the next of kin, in which it was charged, among other things, that the administrator was, at the time of the death of the decedent, indebted to her in amounts exceeding $10,000 for moneys received by him from her in a fiduciary capacity. An order was thereafter, on July 30, 1903, made by the surrogate by which it was referred to a referee "to inquire into the necessary jurisdictional facts, to examine said account and objections, and to hear and determine all questions arising upon the settlement of said account which the surrogate has power to determine." On the first hearing before the referee the administrator was sworn, and was examined by counsel for the objectant as to certain transactions had by him with the decedent, but such examination was not concluded when an adjournment was had. On the adjourned day another counsel appeared for the accountant, who offered an answer "to the petition" of the next of kin on which the proceeding was instituted, and also "to her objections to the account," and this answer was received and filed over the objection of the next of kin. The defense set up in this answer was, in substance, that the proceeding and all remedies of the objectant were barred under the six-years statute of limitations and also under the ten-years statute. An application was then made to dismiss the proceeding, which was denied by the referee, but he determined that, the letters of the administrator having issued September 3, 1889, nearly 14 years before the commencement of the proceeding, it was competent for the next of kin to offer proof tending to rebut the inference that her rights were barred under the statute, and he refused to permit any evidence offered by her which he did not regard as bearing upon this issue. Under this ruling various further questions were put to the administrator by counsel for the next of kin, which were all excluded. The report of the referee is, in brief, that the statute of limitations is a bar to the proceeding and to the objections of the next of kin, that the objections to the account should be dismissed, and that the account filed by the administrator should be stated as correct by an appropriate decree. Exceptions to all of these conclusions were filed by the next of kin.

It was not referred to the referee to determine whether the surrogate acted improvidently or improperly in making the order directing the filing of the account. In order to procure the dismissal of the proceeding or defeat the application for the filing of the account, the administrator should have answered on the return of the citation, setting up the bar of the statute, and the issue thus raised would then have been dealt with by the court. Failing this, the order to file the account was a proper exercise of the power of the court, and it is not within the province of the referee to reverse it or to set it aside. If all of the facts disclosed by the answer had been before the court, it is not clear that the order would not have been

granted.  In Matter of Irvin, 68 App. Div. 158, 162, 74 N. Y. Supp.
443, Laughlin, J., writing for the court, said:

"Upon a proceeding of this nature it is not proper to deny the relief upon
the ground that the statute of limitations has run against the remedy, unless
all the facts upon which the running of the statute of limitations might de-
pend are clearly shown.  A person obtaining possession of property as
executor should not be permitted to acquire title thereto by failure of those
interested to require him to account, unless there is no avenue of escape
from such an inequitable result.  If there be any doubt about the facts, the
better practice is to grant the order.  The facts may be clearly shown on the
account filed pursuant to the order or on the proceedings subsequently had
thereon.  This seems to have been the primary purpose of the enactment.
The application of the statute of limitations may then be determined more
satisfactorily when it is sought to enforce some right based on the account-
ing."

The question as to whether the administrator was protected by
the statute from an obligation to account for and pay over moneys
was included within the issues referred to the referee.  No provision
of law required or permitted the administrator to make any written
reply to the objections, and therefore all proper defenses were per-
missible to him, including the statute of limitations.  It was proper
for him to point out and insist upon the statute, either orally or in
writing, and that at any stage of the proceeding before the close of
the evidence.  Clock v. Chadeagne, 10 Hun, 97.  The referee there-
fore acted properly in receiving the answer and treating it as filed.

The duty imposed on the referee was, not to determine whether
the proceeding had been duly initiated, but whether, on all of the
facts proved before him, the administrator was legally chargeable
with any sum of money.  The statute of limitations was not waived
by the administrator by his obedience to the order requiring him
to account, and it was entitled to due consideration.  It was com-
petent for the referee to control the order of proof, and, if all of the
facts establishing the contentions of fact as to the matters charged
in the objections were fully proved or fully admitted, he might prop-
erly require the objectant to confine his further proof to matters
tending to remove the bar of the statute.  This power should, how-
ever, be exercised with extreme caution, for, if proof necessary to
establish the objections is then found lacking, the objectant may safe-
ly urge upon appeal that he was prevented from supplying the omis-
sion.  In the present case it is alleged that the administrator held
funds of the deceased as a trustee for her, but when the objectant
was prevented from further offering evidence it is doubtful whether
the proof established anything more than a debt.  Budd v. Walker,
113 N. Y. 637, 21 N. E. 72.  If a decision must now be made as to
the force of the statute, the fact of the existence of the trust rela-
tion would have to be assumed.  On the further hearing, which will
now be ordered, a fuller presentation of the facts should be permit-
ted.

One of the questions put to the administrator and excluded by
the referee was, "Did you ever receive any property or money of
your mother's estate not embraced in this account now before the
referee?"  The remedy of the petitioner to require the administrator
to account for money or property received by him did not accrue

until that money or property was so received, and it was error to refuse to require the witness, to answer this question. Matter of Post's Estate (Sur.) 7 N. Y. Supp. 449; Matter of Coman, 47 Hun, 639. The exceptions to the report of the referee are sustained, and the matter is remitted to him for further hearing and report.

Exceptions sustained, and matter remitted for further hearing and report.