WILLIAM F. GLEASON, Respondent, v. HANNAH C. RITCHIE, Appellant.

Fourth Department, March 8, 1944.

448

*Charles J. McDonough* for appellant.

*Reid S. Moule* for respondent.

*Per Curiam.* The plaintiff-respondent, a nonresident and a railroad employee, is the life tenant of income-producing real property in the city of Buffalo. In 1912, he entered into an agreement with his sister, the defendant-appellant, whereby she agreed that, without compensation, she would collect the rents, pay the taxes, maintain the property and pay for maintenance and repairs, and deposit the balance to respondent's credit in his accounts in Buffalo savings banks and that she would continue to do this until the time of respondent's retirement. She collected the rents and managed the property from 1912 until March 15, 1942, during all of which period she had possession of respondent's passbooks and he had no knowledge as to the amount of rents collected or the amounts which she had paid therefrom for taxes, maintenance and repairs. Upon the abrogation of the agreement on March 15, 1942, appellant delivered to respondent his passbooks, a statement of receipts and disbursements for the two years immediately preceding and the amount of the net income for those two years. Upon his examination of the passbooks, he found that no moneys had been deposited to his credit after February, 1929, and his demand for an account of receipts and disbursements from February, 1929, to March, 1940, inclusive, was refused.

This action in equity for an accounting was commenced on February 4, 1943, and resulted in a judgment in respondent's favor adjudging that appellant account to respondent for all receipts and disbursements made by her in the management of his property for a period from February, 1929, to March, 1940, inclusive.

We agree with the holding of the court below that the action is properly brought in equity for an accounting. (See *Marvin v. Brooks*, 94 N. Y. 71; *Dumbadze* v. *Lignante*, 244 N. Y. 1; *Frethey* v. *Durant*, 24 App. Div. 58; *Potomac Ins. Co.* v. *Kelly*, 173 App. Div. 791; *Talmudic Literature Publishers, Inc.*, v. *Lewin*, 226 App. Div. 1; 4 Pomeroy's Eq. Jur: [5th ed.] § 1421.) Under the terms of the agreement, no right or duty devolved upon appellant to hold the respondent's moneys until actually called for by him. Her obligation was to deposit the same within a reasonable time in his bank accounts, and her failure to do so entitled respondent, without making any demand upon her, to sue at law for money had and received or in equity for an accounting. Under such circumstances, the six-year Statute of Limitations applies (Civ. Prac. Act, § 48; see, also, *Carr* v. *Thompson*, 87 N. Y. 160; *Mills* v. *Mills*, 115 N. Y. 80; *Middleton* v. *Twombly*, 125 N. Y. 520; *Wood* v. *Young*, 141 N. Y. 211; *Dumbadze* v. *Lignante*, 244 N. Y. 1; *Matter of Waite*, 43 App. Div. 296; *Keys* v. *Leopold*, 241 N. Y. 189), and appellant — having satisfactorily accounted for the two years preceding the commencement of the action — need account only for the period from February, 1937, to March, 1940, inclusive.

The judgment should be modified on the law so as to provide that appellant account to respondent for rents collected by her from February, 1937, to March, 1940, inclusive, that appellant file in the Erie County clerk's office, on or before twenty days from the date of entry of the order hereon, a statement showing what rents she collected from respondent's property from February, 1937, to March, 1940, inclusive, and what sums she has paid out for taxes, maintenance and repair expenses and the balance on hand, and that she submit to an examination on said accounting before the Honorable CLARENCE MacGREGOR, Official Referee, at a time to be fixed by him, and as so modified affirmed, without costs.

All concur. Present — CUNNINGHAM, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Interlocutory judgment modified in accordance with the opinion and as modified affirmed, without costs of this appeal to either party.