■ In the Matter of GREGORY ARROYA, Appellant, v MICHAEL J. CODD, as Police Commissioner of the City of New York, Respondent.—Judgment, Supreme Court, New York County, entered August 1, 1975, which in this article 78 proceeding denied petitioner's application and dismissed the petition which sought review of the respondent's determination to dismiss him from his position as a patrolman based on his conviction of a misdemeanor, unanimously affirmed, without costs and without disbursements. The petitioner pleaded guilty to a Class B misdemeanor of falsely reporting an accident. (Penal Law, § 240.50.) He was sentenced to an unconditional discharge and granted a certificate of relief from disabilities pursuant to section 701 of the Correction Law. He was restored to duty after he pleaded guilty and accepted a forfeiture of his pay during the nine months of his suspension pending the criminal proceeding. The plea had been subject to the Commissioner ordering a departmental trial, which was held. Thereafter, having been restored to duty for approximately one year, he was dismissed based on his misdemeanor conviction, and in accordance with subdivision (a) of section 434a-14.0 of the Administrative Code. While the petitioner contends that his having been restored to duty for a year is an estoppel against his dismissal, the Administrative Code provision grants to the Police Commissioner the discretion to order dismissal where there has been conviction of a criminal offense. There was a rational basis for the administrative order. *(Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck,* 34 NY2d 222.) *Concur*— Stevens, P. J., Kupferman, Capozzoli, Lane and Nunez, JJ.

■ MAUREL REALTY CORP., Appellant, v FEIN REALTY MANAGEMENT CORPORATION et al., Respondents.—Order, Supreme Court, New York County, entered on July 24, 1975, *inter alia,* denying plaintiff's motion for summary interlocutory judgment of accounting, unanimously affirmed. Respondents shall recover of appellant $60 costs and disbursements of this appeal. Plaintiff, the owner of a multiple dwelling, engaged defendant Fein Realty Management Corp. ("Fein Realty") to manage it. The essential burden of the complaint is that Fein Realty mismanaged the property and breached its fiduciary duty. Special Term found triable issues raised with respect to "the extent of the information already received by the plaintiff" and "whether or not a fiduciary duty to account" was owed. We find that a fiduciary relationship was created. *(Gleason v Ritchie,* 267 App Div 447.) However, that does not establish plaintiff's right to commence an equitable action of accounting (1 NY Jur, Accounts and Accounting, § 20) particularly where, as here, Fein Realty has already furnished voluminous detailed information to plaintiff. *Concur*—Stevens, P. J., Kupferman, Murphy, Lupiano and Capozzoli, JJ.