KING *et al. v.* BARNES *et al.*

*(Supreme Court, General Term, Second Department.* May 14, 1888.)

CONTEMPT—WHAT CONSTITUTES—REFUSAL TO ISSUE STOCK CERTIFICATES.

An affidavit reciting that judgment had been entered and served on defendant, the president of a corporation, requiring him, on receipt of certain certificates of corporate stock and powers of attorney, to issue new certificates, and enter the transfer on the corporation books, and that he had refused to obey the same, is sufficient to support an order punishing for contempt.[1]

Appeal from special term, Richmond county.

This is an appeal by John H. Post, one of the defendants, from an order adjudging him guilty of contempt in not transferring certain shares of stock. The affidavit referred to in the opinion states that the defendant is president of the New York Transit & Terminal Company; that final judgment was entered and served on defendant, directing that the referee, in whose name certain shares of the capital stock of the company stood, should deliver certificates for these shares, with powers of attorney executed in blank, to the plaintiff's counsel, and that, upon the surrender of these certificates and powers of attorney to the defendant Post, he should cancel the certificates and issue new ones to the plaintiff, making the proper entries of the transfer on the books of the company. Plaintiffs obtained the certificates and powers of attorney, and demanded the transfer, which was refused.

*MacFarland, Boardman & Platt,* for respondents.

DYKMAN, J. This is an appeal from an order inflicting punishment for contempt upon certain defendants in this action. ·The cause has been before the court at different times, and all the questions involved have been decided in favor of the plaintiffs; and these appealing defendants, with others, were ordered to do certain acts which they neglected to perform, and for such neglect the order from which this appeal is taken was made for their punishment. No new question is presented now, and the defendants were clearly in contempt for failing to comply with the direction of the court. The appellants claim that the affidavit upon which the order appealed from was based was insufficient for its support, but the claim is unfounded. The facts stated are ample to show an intentional neglect to obey the court, and a refusal to grant the order appealed from would have been tantamount to a refusal to execute the judgment and vindicate the order of the court. The order should be affirmed, with $10 costs and disbursements.