Questions addressed to a physican, in an action for negligence, calling for his opinion as to whether the physicial condition in which he found the plaintiff upon his examination of her could have resulted from a fall is not objectionable. Turner *v.* City of Newburg, 109 N. Y. 301.

It is perfectly competent to furnish the jury with evidence of the present physical condition and bodily sufferings, and with the opinions of competent physicians as to whether such condition and sufferings could have resulted from the accident, and as to their permanence. Ehrgott *v.* Mayor, etc., 96 N. Y. 264. See Strohm *v.* N. Y., L. E. & W. R. R. Co., Id. 305; Tozer *v.* N. Y. C. & H. R. R. R. Co., 105 Id. 617.

In Jones *v.* Utica & B. R. R. R. Co., 40 Hun, 349, the opinion of a physician as to what must be, in the ordinary course of nature, the effect of injuries described upon the health of a person, was held to be admissible. Id.

---

## In the Matter of JOHN H. POST.

*Supreme Court, Second Department, General Term, September 9, 1889.*

1. *Attorney. Disbarment.*—An attorney cannot be disbarred for acts committed as a party to an action.
2. *Same.*—The term "deceit," as used in section 67 of the Code of Civil Procedure, implies concealment or false suggestion as an attorney or counselor, to injure a party or mislead the court, while acting in a professional capacity or in the course of professional employment.
3. *Same.*—Malpractice as a lawyer means evil practice in a professional capacity, and the resort to methods and practices unsanctioned and prohibited by law.

*Tracy, MacFarland, Boardman & Platt,* for motion.

*John H. Post,* in person, opposed.

DYKMAN, J.—This is a proceeding for the disbarment of an attorney, and the complaint against him is that he has been guilty of misconduct which should deprive him of the privileges and associations of an honorable profession.

The acts and conduct of the respondent for which he is now arraigned were incited and inspired by his connection with a litigation which was precipitated upon the courts to

prevent the consummation of a fraudulent conspiracy of un-paralleled enormity. Yet at all stages of the controversy in the cases of King v. Barnes, the defendants sustained the most signal defeat, and judgments have been entered against them all ; not only so, but the respondent was more than once punished for contempt in the course of the proceedings, and one of the other defendants received similar punish-ment.

Yet in all these respects he was acting and suffering as a party to a litigation, and not as a lawyer, and no malpractice as an attorney was charged against him, unless an attempt to perpetrate a fraud, and a failure to obey the mandate of a court constitute such malpractice.

Although this court and the court of appeals have found much in the conduct of the respondent to censure and con-demn, and although punishment has followed such condem-nation with some degree of severity, yet it has been meted out to him as a party and not as an attorney, and he cannot be punished a second time for such offenses.

Neither can an attorney be disbarred for acts committed as a party to an action, because other and different punish-ments are prescribed by law for the control and punishment of such parties.

Malpractice as a lawyer means evil practice in a professional capacity, and the resort to methods and practices unsanc-tioned and prohibited by law, and the causes for which an attorney may be disbarred are now specified by the Code of Civil Procedure as follows : " An attorney or counsellor who is guilty of any deceit, malpractice, crime or misde-meanor may be suspended from practice or removed from office by the supreme court at a general term thereof." Code, § 67.

In this case there is neither proof nor claim that the re-spondent has been guilty of any crime or misdemeanor, and we have already seen that he has committed no malpractice as a lawyer.

The term deceit as used in this section implies concealment or false suggestion as an attorney or counsellor to injure a party or mislead a court while acting in a professional capacity or in the course of professional employment, and there is nothing to convict the respondent of misconduct of that character.

In view of the fact, therefore, that the present proceeding is of a highly penal character, the courts should require full proof in justification of the exercise of their summary powers to suspend or disbar an attorney, and we do not find in the papers before us sufficient proof to justify the exertion of the power with which we are invested.

Let it not be understood that we disapprove of these proceedings ; on the contrary, we deem the presentation of the case to the general term meritorious and proper, but because the disbarment of the respondent would be in some measure the infliction of double punishment for the reasons already stated, and in view of all the circumstances, we have concluded to withhold the punishment of dismissal.

Motion denied.

BARNARD, P. J., and PRATT, J., concur.