Patrick O. Hawes v. State of Nebraska.

Filed October 15, 1895.   No. 7473.

1. **Contempt:** Review of Proceedings. Presumptions and intendments will not be indulged in order to sustain convictions for contempt of court.

2. ———: ———: Evidence. To sustain a conviction for contempt it should appear that the language or conduct imputed to the accused is contemptuous *per se*, or, if it may be contemptuous or innocent according to the circumstances of the case, it should appear from the record to have been employed in its culpable sense.

3. **Attorneys:** Appearance Before Judge: Contempt. It is the right of an attorney at law to refuse a retainer which would require his appearance before a particular judge. And a candid statement to the court or judge, in respectful language, of the reasons for such a course will not of itself sustain a conviction on the charge of contempt.

Error to the district court for Douglas county. Tried below before Scott, J.

*George O. Calder*, for plaintiff in error.

*A. S. Churchill, Attorney General*, for the state.

Post, J.

The plaintiff in error Patrick O. Hawes was by the district court for Douglas county adjudged guilty of contempt of court and sentenced to imprisonment in the county jail for a period of fifteen days, which judgment we are asked to reverse for reasons hereafter appearing.

In addition to the fact that the plaintiff in error is an attorney at law engaged in the practice of his profession in the courts of Douglas county, our only information regarding the conviction complained of is derived from the following record:

"STATE OF NEBRASKA ⎫
          v.          ⎬ Charge: Contempt.
PAT. O. HAWES.    ⎭

"The said defendant Pat. O. Hawes having in open court stated that he refused to appear as counsel in the case of the State of Nebraska v. William Milbourn and Frank Jones, now pending in this court; that he would not appear in this court; that he could not be treated fair, and that this court was unfair, thereupon the said Pat. O. Hawes was by the court found guilty of contempt of court.

"It is therefore considered and adjudged by the court that the said defendant Pat. O. Hawes be taken hence by the sheriff to the jail of the said Douglas county and there confined for the period of fifteen days, from and after this 10th day of November, A. D. 1894, and that he pay the costs of these proceedings, taxed at ———— dollars, and execution is awarded therefor."

The attorney general has declined to submit a brief in behalf of the state or otherwise defend the judgment, on the ground that it is unsupported by the findings of the district court,—a conclusion in which we fully concur. Section 669, Civil Code, provides: "Every court of record shall have power to punish by fine and imprisonment, or by either, as for criminal contempt, persons guilty of any of the following acts: First—Disorderly, contemptuous, or insolent behavior towards the court or any of its officers in its presence." The language quoted is declaratory merely of the common law. Indeed, it is doubtful if the several sections of the Code under the title "Contempt" add anything to the law of the subject, since, as has been often said, the authority to punish for contempt is inherent in all courts of record possessing common law jurisdiction, and is beyond the power of the legislature to abridge. (See *Krigel v. Bartling*, 23 Neb., 852; *Holman v. State*, 105 Ind., 513; Rapalje, Contempts, sec. 1, and authorities cited.) It is also true that language not in itself contemptuous may be

treated as such if used in an insulting or defiant manner. (*Holman v. State, supra;  Wilson's Case,* 7 Q. B. [Eng.], 984.)  Acts and conduct such as contemplated by the statute cited are known as direct contempts and may be punished summarily; but to sustain a conviction in such a case it should appear that the language or conduct imputed is *per se* contemptuous, or, if it may be contemptuous or innocent according to the sense or manner in which it is employed, the record should show it to have been used in the culpable sense.  It is held by this court that proceedings for contempt are in their nature criminal and governed by the strict rules of construction applicable to criminal prosecutions. (*Boyd v. State,* 19 Neb., 128; *Johnson v. Bouton,* 35 Neb., 903; *Percival v. State,* 45 Neb., 741.)  It is said in *Batchelder v. Moore,* 42 Cal., 412: "It is essential to the validity of proceedings in contempt, subjecting a party to fine and imprisonment, that they show a case in point of jurisdiction within the provisions of the law by which such proceedings are authorized, for mere presumptions and intendments are not to be indulged in their support." (See, also, *State v. Sweetland,* 3 S. Dak., 503, and cases cited.) Referring again to the findings of the court we are impressed with the fact that the statements imputed to the accused are *per se* neither contemptuous nor defiant, or necessarily inconsistent with the candor and courtesy which should ever characterize intercourse between the bench and bar.   The circumstances which induced the statement by the accused of his refusal to appear in the criminal division of the district court do not appear, but his right to refuse a retainer imposing upon him the duty to appear in a particular branch of the court, or before any one or more of the several judges thereof, cannot be doubted; and a candid statement to the court or judge, in respectful language, of the reasons for such a cause, so far from being a contempt, is rather to be commended as tending to remove the cause for whatever differences may exist between them, by remind-

ing court and counsel of their reciprocal rights and duties. Of course, the demeanor of the accused on the occasion in question may have been such as to fully warrant the judgment of the court, but, as we have seen, the record, which is silent upon the subject, will not be aided by presumption. It follows that the judgment complained of must be reversed and the cause remanded for further proceedings in the district court.

REVERSED.