## THE STATE v. ROCKWOOD ET AL.

[No. 19,758. Filed June 20, 1902.]

CONTEMPT.—*Criminal Law.*—*Appeal.*—An appeal may be taken by the State, under §1915 Burns 1901, from the action of the court in dismissing a proceeding for an indirect contempt of court. *pp. 95-97.*

APPEAL AND ERROR.—*Record.*—*Bill of Exceptions.*—An entry reciting "comes now the State * * and files a bill of exceptions therein as follows," followed by a bill of exceptions containing a recital that it was signed by the judge, on a certain date, sufficiently shows that the bill was signed before it was filed. *p. 97.*

CONTEMPT.—*Grand Jurors.*—*Affidavit.*—An affidavit in a proceeding against grand jurors for an indirect contempt of court charging that "said jurors, or at least some of them," were guilty of the misconduct charged, is bad for the uncertainty in the description of the jurors intended to be charged with the contempt. *pp. 98, 99.*

From Marion Criminal Court; *Fremont Alford*, Judge.

Proceeding by the State against Charles B. Rockwood and others, grand jurors, for an indirect contempt of court. From a judgment in favor of defendants, the State appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Appeal dismissed.*

*W. L. Taylor*, Attorney-General, *J. C. Ruckelshaus*, *Eli F. Ritter* and *C. J. Orbison*, for State.

*C. W. Smith*, *J. S. Duncan*, *H. H. Hornbrook* and *A. P. Smith*, for appellees.

DOWLING, C. J.—This was a proceeding under the statute against the appellees and three others for an indirect contempt of the court. It was commenced by the filing of an affidavit in the Marion Criminal Court by a citizen of said Marion county, alleging that the persons named in the affidavit were the members of the

grand jury of Marion county, Indiana, duly selected, impaneled, instructed, and sworn, and charging them with official misconduct tending to bring the administration of justice into disrepute, and the court into contempt. A rule was entered against the persons so accused requiring them to appear on November 1, 1901, and show cause why they should not be punished for the contempt alleged against them. The appellees, Rockwood, Haugh, and McCaslin, appeared and separately moved for the discharge of the rule. Over the objection and exception of the State, the motion was sustained, and the proceedings were dismissed. The other three grand jurors appeared in person, but filed no motion or other pleading, and no further notice need be taken of them. The State appeals, and the decision of the court upon the motion to discharge the rule is assigned for error.

The right of the State to appeal in a proceeding of this character is denied by the appellees, even if the proper construction of a statute is involved, and that question is duly presented, and this point must first be disposed of. It seems to be settled in this State that a proceeding for a contempt is in the nature of a criminal action. *Whittem* v. *State,* 36 Ind. 196; *Baldwin* v. *State,* 126 Ind. 24, 31; *New Orleans* v. *Steamship Co.,* 20 Wall. 387, 22 L. Ed. 354. The right of appeal exists only in those cases where it is given by statute. "The right to an appeal is and always has been statutory, and does not exist at common law. It is a remedy which the legislature may in its discretion grant or take away, and it may prescribe in what cases, and under what circumstances, and from what courts, appeals may be taken; and unless the statute expressly or by plain implication provides for an appeal from a judgment of a court of inferior jurisdiction, none can be taken." *Sullivan* v. *Haug,* 82 Mich. 584, 46 N. W. 795, 10 L. R. A. 263; *Lake Erie, etc., R. Co.* v. *Watkins,* 157 Ind. 600, 605.

If the State has the right of appeal in proceedings for contempt, such right must be conferred either by the acts regulating proceedings of this kind or by the general provisions of the criminal code. The act of May 31, 1879 (Acts 1879, p. 112, §7, §1023 Burns 1901, §1011 R. S. 1881 and Horner 1901), provides that if the court finds the defendant guilty of a direct contempt, the defendant may move for a new trial and the rescission of the judgment against him, and that, upon the overruling of the motion, he may except, and file a bill of exceptions as in other criminal actions, and that in all cases an appeal shall lie from such judgment to the Supreme Court. While a right of appeal is given to the defendant by this section, none is granted to the State.

Section 9 of the act of 1879, *supra,* §1025 Burns 1901, §1013 R. S. 1881 and Horner 1901, regulating the procedure in cases of indirect contempts, authorizes an appeal to the Supreme Court "in the same manner as in cases of direct contempts." Neither of these sections authorizes an appeal by the State where the defendant is discharged.

But long before the passage of the act of May 31, 1879, this court held, in *Whittem* v. *State,* 36 Ind. 196, 201-206, that in proceedings for a contempt the defendant had the right of appeal under the provisions of the criminal code giving an appeal to the Supreme Court from all final judgments. The acts of 1879 and 1881 on the subject of direct and indirect contempts must be construed in connection with the sections of that code, and, as they contain nothing which denies an appeal to the State, it is clear upon the authority of *Whittem* v. *State, supra,* that an appeal may be taken as well by the State as by the defendant.

The language of the statute is so general and comprehensive that no sufficient reason occurs to us why it may not be held that proceedings for a contempt are included in it. Section 1914 Burns 1901, §1845 R. S. 1881 and Horner 1901, is as follows: "On the trial of a criminal prosecution,

exceptions may be taken by the defendant to any decision of the court upon a matter of law by which his substantial rights are prejudiced." And the section immediately following is in these words: "The prosecuting attorney may except to any opinion of the court during the prosecution of any cause, and reserve the point of law for the decision of the Supreme Court." §1915 Burns 1901.

As the court held §1914, *supra,* broad enough to cover a proceeding for a contempt, and to secure to the defendant a right of appeal, so, we are of the opinion that §1915, *supra,* giving to the State a qualified right of appeal, is equally comprehensive, and when the case is appealable under §§7, 8 of the act of 1901 (Acts 1901, p. 565, §§1337g, 1337h Burns 1901), extends as well to prosecutions for a contempt as to ordinary criminal trials.

The next point made by the appellees is that it is not shown that the bill of exceptions was signed by the judge before it was filed, and, therefore, that it is not properly in the record. The entry immediately preceding the bill of exceptions is in these words: "Comes now the State of Indiana by John C. Ruckelshaus, prosecuting attorney, and Eli F. Ritter, of counsel, and files a bill of exceptions herein as follows, viz.:" A bill containing a recital that it was signed by the judge of the criminal court on November 5, 1901, is then set out. It is evident from this entry that the bill was signed before it was filed.

Finally, counsel for appellees insist that the grounds for the proceeding, as stated in the affidavit, were insufficient, and that the court had no power to inquire into the reasons of the grand jury for refusing to return bills of indictment in the cases referred to. The charge against the grand jurors in the affidavit, upon which the proceeding rests, is, in brief, that, although they had before them the uncontradicted testimony of credible witnesses that divers persons, who were named in the affidavit, had committed

certain specific offenses, yet that "said jurors, *or at least some of them,* at said October term, were guilty of miscon-duct, and contempt of this court in this: That they were controlled and actuated by prejudice and obstinacy, wholly disregarded said evidence, their oaths, and legal duties in the premises, and said instructions of this court, and wil-fully treated said instructions of this court with contempt, and refused to join in the return of, and thereby defeated and prevented any indictment against any of the offenders as• aforesaid, and permitted said offenses and offenders to be disregarded for the purpose and with the intent of favor-ing and shielding said offenders from punishment."

We are compelled to hold the affidavit bad for uncertainty in the description of the jurors intended to be charged with the contempt. The language of the affidavit is "that the said jurors, *or at least some of them,*" were guilty of the misconduct set forth. The affidavit contained no accusa-tion against any one in particular. It was in the alterna-tive and implied that some of the jurors were without fault; yet it did not say which jurors were guilty.

In proceedings of this character, a considerable degree of strictness in the statement of the charge against the party or parties accused of the contempt is always required. In *Worland* v. *State,* 82 Ind. 49, it was said: "In this case the charge is that the publication was 'false and grossly inaccurate,' and the question is whether that is sufficiently definite. We have come to the conclusion that it is not. The use of the words *'grossly inaccurate'* implies that the publication was not wholly false, and that the word *false,* as used, meant only false in some respects or degree. This being so, it is a plain and just requirement that the particu-lars in which it was designed to show that the publication was false or inaccurate should have been stated. It may be that some of the statements contained in the publica-tion are not such as to sustain a charge of contempt, if con-ceded to be false or inaccurate. The charge surely ought

to be so definite and distinct that its meaning and sufficiency could be determined on motion, and that the accused could know certainly what he was required to answer."

If this degree of certainty is required as to the charge itself, the persons accused should be pointed out with the same degree of particularity. The court did not err in sustaining the motion to discharge the rule against the appellees.

The apparent object of this appeal is to obtain a construction of §1732 Burns 1901, §1663 R. S. 1881 and Horner 1901, which declares that a grand juror cannot be questioned for anything he may say, or any vote he may give in the grand jury relative to a matter pending before it; but as the affidavit upon which the proceedings for the alleged contempt were founded fail to charge any member of the grand jury with the supposed contempt, and is therefore fatally defective, the question of the proper construction of the statute referred to is not "duly presented," as required by §§7 and 8, of the act of 1901, Acts 1901, p. 565, §§1337g, 1337h Burns 1901, and therefore can not be considered.

Appeal dismissed.