## THE STATE OF INDIANA, EX REL. SEIFERT, v. BRANNER.

### [No. 21,674. Filed November 29, 1910.]

1. CONTEMPT.—*Bail.—Discretion.—Appeal.*—Requiring a defendant in a contempt proceeding to give bail for her appearance is largely discretionary with the trial court, and such discretion will be interfered with, on appeal, only for abuse. p. 686.

2. CONTEMPT.—*Charge of.—Sufficiency.—Bail.*—Bail should not be required from a defendant in a contempt proceeding, where the charge of contempt is insufficient. p. 686.

3. CONTEMPT.—*Divorce.—Remarriage.—Violation of Order.*—A contempt proceeding to punish a woman for remarrying in violation of an order of court made in a divorce case, is of a criminal nature, and no presumptions are indulged in support of the charge made. p. 687.

4. CONTEMPT.—*Charge of.—Divorce.—Jurisdiction.*—A charge of contempt for the punishment of a woman for violating an order against remarrying, made in a divorce case, must be specific, and

State, ex rel., v. Branner—174 Ind. 684.

must affirmatively show that the court granting the divorce had jurisdiction.  p. 688.

5.  CONTEMPT.—Civil.—Criminal.—In civil contempt, evidence may be heard, and, therefore, strictness in pleading is not required; but in criminal contempt, the defendant is punished or discharged upon his return, and, therefore, strictness of pleading is required.  p. 688.

6.  CONTEMPT.—Divorce.—Remarriage.—Statutes.—Presumption. — Public Policy.—As the statute prohibiting remarriage where a divorce is granted solely on publication of process (§1065 Burns 1908, §1030 R. S. 1881), provides no punishment for its violation, the presumption is that it was from a public policy not to do so. p. 689.

7.  CONTEMPT.—Charge of.—Divorce.—Jurisdiction.—Remarriage.— A charge of contempt against a woman for violating a decree of divorce prohibiting her from remarrying within two years (§1065 Burns 1908, §1030 R. S. 1881) must allege that the divorce was granted without other notice than publication in a newspaper. p. 689.

8.  CONTEMPT.—Divorce.—Record of.—Judicial Notice.—In a contempt proceeding to punish a woman for remarrying in violation of a divorce decree, the court will not take judicial notice of the record in such divorce case.  p. 690.

From St. Joseph Circuit Court; *Walter A. Funk*, Judge.

Action by The State of Indiana, on the relation of John Seifert, against Ada J. Branner. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*James Bingham*, Attorney-General, *Fred C. Gabriel*, *A. G. Cavins*, *W. H. Thompson* and *E. M. White*, for appellant. *Charles Weidler* and *Joseph G. Orr*, for appellee.

MYERS, C. J.—Appellee was charged with an indirect contempt by the filing of an affidavit alleging that on April 13, 1908, she was granted a divorce from Archillious King by the St. Joseph Circuit Court, given her maiden name of Ada J. Cripe, and prohibited from remarrying for a period of two years from said date; that said Ada J. King, alias Ada J. Branner, did wilfully, knowingly and corruptly violate said order of court by marrying William Branner on May 16, 1908, in St. Joseph, Michigan; that both parties to said marriage were, and had been for more than two years

preceding, residents of St. Joseph county, Indiana, and immediately after said marriage returned thereto, and lived and cohabited thereafter in said county and State until November 27, 1909.

This affidavit was not filed in the original cause for a divorce, but was filed as an independent proceeding entitled "In the matter of the charges against Ada J. Branner," and conducted by that style up to this appeal. Upon the filing of this affidavit, a rule was entered against appellee to show cause, if any, why she should not be punished as for contempt, to which she appeared. An affidavit was then filed charging that she was about to leave the jurisdiction, and remain absent to avoid hearing and punishment, and upon this affidavit a motion was made by the prosecuting attorney to require her to give bond for her continued appearance, pending the determination of the cause. This motion was overruled, and the petitioner excepted, and her motion to discharge the rule, for the reason that the information did not state facts sufficient to constitute a contempt, was sustained, she was discharged, and the relator and the State severally excepted.

The questions on these rulings are the only questions presented. As to the motion to require appellee to give bail, while the facts stated in the affidavit, standing alone,

1. would undoubtedly have authorized the court to require bail, the fact that it was not required, and that it was a matter in the sound discretion of the court, would authorize our interference only in case of its abuse. The court in passing upon the motion to require bail was required to examine the charge made, and in the form made, and as the affidavit was held bad, it is clear that the

2. court was justified in not requiring bail. To require bail when appellee might not be able to give it, and thereby compel her to go to jail, when no offense had been charged, would do a great wrong without accomplishing a right. Besides, if the affidavit was insufficient to charge a

contempt, the petitioner or relator cannot complain of the refusal to require bail, so that the only material inquiry here is as to the sufficiency of the affidavit to charge a contempt. The argument presented by the State, is that the courts have inherent power, in upholding their dignity, to punish for contempt the violation of their orders and decrees. This is not questioned by appellee, but she stands upon the proposition that she is not charged with the violation of a legal order of the court, or the violation of a statute imposing a penalty. This contention involves both the construction of the statute against remarriages, where jurisdiction is obtained by publication alone, and the legal sufficiency of the affidavit itself. The statute (§1065 Burns 1908, §1030 R. S. 1881) provides that "parties against whom a judgment of divorce has been or shall be rendered, without other notice than publication in a newspaper, may have the same opened at any time, so far as relates to the care, support, and custody of the children. Parties against whom a judgment of divorce shall hereafter be rendered, without other notice than publication in a newspaper, may, at any time within two years after the rendition of such judgment, have the same opened, and be allowed to defend as well on the granting of the divorce as in relation to the allowance of alimony and the disposition of property; and until the expiration of said two years, it shall not be lawful for the party obtaining such divorce to marry again; which shall be stated in the decree of the court."

It is settled here, as elsewhere, that proceedings of this character are in their nature criminal, and presumptions will not be indulged against a defendant, but in his favor.

3. *State* v. *Rockwood* (1902), 159 Ind. 94; *Whittem* v. *State* (1871), 36 Ind. 196; *Hawes* v. *State* (1895), 46 Neb. 149, 64 N. W. 699; *Phillips* v. *Welch* (1876), 11 Nev. 187; 4 Ency. Pl. and Pr. 769.

The charge constituting the offense must be specifically made. Jurisdiction must affirmatively appear in the charge,

and the charge will not be aided by presumptions.

4.   State v. Rockwood, supra; Worland v. State (1882),
     82 Ind. 49; McConnell v. State (1874), 46 Ind. 298;
Hawthorne v. State (1895), 45 Neb. 871, 64 N. W. 359;
Hawes v. State, supra; State v. Root (1896), 5 N. Dak. 487,
67 N. W. 590, 57 Am. St. 568; State v. Sweetland (1893), 3
S. Dak. 503, 54 N. W. 415; Young v. Cannon (1880), 2 Utah
560; Wyatt v. People, ex rel. (1892), 17 Colo. 252, 28 Pac.
961; Herdman v. State (1898), 54 Neb. 626, 74 N. W. 1097;
4 Ency. Pl. and Pr. 770.

It is urged by relator that as there can be no judgment
prohibiting remarriage except in case of jurisdiction of the
               person by publication, the charge that appellee vio-
5.   lated the order of the court by remarrying within
               two years, is sufficient, without alleging that service
was without other notice than by publication in a news-
paper; and that the presumption is that the judgment was
one in which the service was by an authorized publication
alone.   Appellee insists that it must have been alleged that
the proceeding was without other notice than by publication,
and that no presumption can be indulged in a collateral pro-
ceeding.   Our statute marks the distinction between con-
tempts of a purely criminal character, affecting the orderly
conduct of the business of the courts and their lawful
process, and those "for the enforcement of civil rights and
remedies."   §§1040-1049 Burns 1908, §§1005-1014 R. S.
1881.  See Perry v. Pernet (1905), 165 Ind. 67; Thistle-
thwaite v. State (1898), 149 Ind. 319; Baldwin v. State
(1890), 126 Ind. 24.

In the case of civil rights and remedies, we do not doubt
that in courts of general jurisdiction the strictness is not
required that obtains in criminal or common-law contempts,
and that in such cases the charge is sufficient when it is
alleged that there was an order or judgment, and that it
was violated.   In this class of cases the evidence may be
heard, while in criminal or common-law contempts the de-

fendant is punished or discharged upon the return. §1048, *supra; Stewart* v. *State* (1895), 140 Ind. 7; *Anderson* v. *Indianapolis Drop Forging Co.* (1904), 34 Ind. App. 100, and cases cited; *Ex parte Ah Men* (1888), 77 Cal. 198, 19 Pac. 380, 11 Am. St. 263; *Ex parte Fong Yen Yon* (1888), 19 Pac. (Cal.) 500; *Silvers* v. *Traverse* (1891), 82 Iowa 52, 47 N. W. 888, 11 L. R. A. 804; *Sweeney* v. *Travers* (1891), 82 Iowa 720, 47 N. W. 889; *King* v. *Barnes* (1888), 2 N. Y. Supp. 121; *Andrew* v. *Andrew* (1889), 62 Vt. 495, 20 Atl. 817; *Curtis* v. *Gordon* (1890), 62 Vt. 340, 20 Atl. 820; *State, ex rel.*, v. *Allen* (1896), 14 Wash. 684, 45 Pac. 644.

The statute making remarriage unlawful within two years is grounded upon considerations of public policy, and the violation of the order is necessarily a violation of a

6. declared public policy, and as no penalty is attached, we must presume it was from a public policy not to do so. The order of the court is simply the statement of the legislative fiat, without any penalty attached. Its violation is not the violation of the court's decree, but the violation of a statute for which no penalty is attached; nor has any been expressly provided by any other statute. Under this statute there is no right vested in the former spouse, or any individual, either of property or of a personal character which can be affected by the remarriage. It is significant that no penalty is imposed for the violation of this statute, and as all our offenses are statutory, it can hardly be insisted that general laws or other statutes may be looked to, unless it be the statute of contempts. §§1042-1045, *supra.*

From these considerations it must be quite clear that to reverse the order of the learned trial judge we would be compelled to indulge the presumption that the divorce

7. in question was rendered "without other notice than publication in a newspaper," and this we may not do in this class of cases. The reason lies in the fact that as this is a criminal proceeding, no presumption can be in-

Vol. 174—44

dulged against the party charged, and he is punished or discharged on the return. If he is bound by the record, no return he could make would purge him, because the presumption estops him to question the judgment, and he might be punished, even though the order be void; so that the information must show the jurisdiction or authority for the order, in order that it may be demurred to, moved against or answered. §1048, *supra; McConnell* v. *State, supra; Ex parte Wright* (1879), 65 Ind. 504; *State* v. *Ralphsnyder* (1890), 34 W. Va. 352, 12 S. E. 721; *Schwarz* v. *Superior Court* (1896), 111 Cal. 106, 43 Pac. 580; *Hutton* v. *Superior Court, etc.* (1905), 147 Cal. 156, 81 Pac. 409.

We would also be required in a collateral matter growing out of the original case, to take judicial notice of the record in the divorce case, and this we may not do. *Lester* v. *People* (1894), 150 Ill. 408, 37 N. E. 1004, 41 Am. St. 375; *National Bank, etc.,* v. *Bryant* (1877), 13 Bush 419; *State* v. *Hudson County Electric Co.* (1897), 61 N. J. L. 114, 38 Atl. 818; *First Congregational Church, etc.,* v. *City of Muscatine* (1855), 2 Iowa 69; *McDermott* v. *Clary* (1871), 107 Mass. 501; *In re Dossosway* (1883), 91 N. Y. 235; *Boon* v. *McGucken* (1893), 22 N. Y. Supp. 424; *Erie R. Co.* v. *Ramsey* (1871), 45 N. Y. 637; *Baltimore, etc., R. Co.* v. *City of Wheeling* (1855), 13 Grat. 40; *Haight* v. *Lucia* (1874), 36 Wis. 355; *United States* v. *Jacobi* (1871), 1 Flipp. 108, Fed. Cas. No. 15,460; *Durant* v. *Supervisors, etc.* (1869), 1 Wollw. 377, Fed. Cas. No. 4,191.

The court did not err, and the judgment is affirmed.