## BAKER v. BREWER'S ESTATE.

[No. 10,920.   Filed December 21, 1921.   Rehearing denied February 23, 1922.   Transfer denied April 4, 1922.]

1. BROKERS.—Real Estate.—Contract for Sale of Lands.—Right to Commission.—Compliance.—A real estate agent seeking to recover a commission on the theory that he has fully complied with his contract to sell land must prove an actual sale and transfer of the lands described, or that he procured a purchaser ready, willing and able to purchase upon the terms stated, and the owner had refused to sell, or that by and through his procurement a third party had entered into a valid executory contract with the owner for the purchase of the land.   p. 145.

2. BROKERS.—Real Estate.—Contract for Sale of Lands.—Recovery of Commissions.—Failure of Purchaser to Carry out Contract.—Where a contract for the sale of land procured by an agent of the vendor provided for a forfeiture at the option of the vendor upon default by the purchaser, and that if the purchaser could not sell his own farm, the contract was void, and

the purchaser did not do so and failed to carry out his contract with the vendor, the latter is not liable to his agent for a commission for the sale of his land.  p. 145.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by S. M. Baker on a claim against the estate of Orlando C. Brewer, deceased, Louisa Brewer, executrix.   From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Valmore Parker* and *Lindley & Bedwell,* for appellant. *Charles D. Hunt* and *Arthur E. DeBaun,* for appellee.

ENLOE, J.—Appellant filed his verified claim against the estate of Orlando C. Brewer, deceased, which estate was then pending in the Sullivan Circuit Court, to recover $4,400 as commission for effecting the sale of certain real estate. . The claim was based upon two written commission contracts, each of which provided that said Brewer agreed "to accept $135 per acre for said property and to pay a commission of $10 per acre."   After the commission contracts were entered into, appellant caused a written contract to be entered into for the sale of real estate between said Brewer and one Vanwey. The description of the real estate owned by said Brewer and involved in this latter contract of sale was 300 acres in Township 9, Range 10, Section 9; also 140 acres in Township 9, Range 10, Section 10, all in Sullivan county, Indiana.   There was a provision in the contract to the effect that in case of failure of Vanwey to make either of the payments or perform any of the covenants on his part thereby made and entered into, the contract should, at the option of Brewer, be forfeited and determined; also a further provision that if said Vanwey could not sell his 126 acres where he then lived, the contract was null and void.   Vanwey did not sell his said farm, and did not carry out the contract with Brewer.   Because

of procuring this contract, appellant claimed that his commission was due and this action resulted. The case was submitted to a jury, and at the close of appellant's evidence, appellee filed a motion requesting the court to instruct the jury to return a verdict for appellee. Thereupon appellant filed a motion requesting the court to instruct the jury to return a verdict for appellant, assessing his damages at $4,400. Appellant's motion was overruled, and appellee's motion was sustained, the jury was instructed accordingly, and returned a verdict for appellee. After appellant's motion for a new trial was overruled, judgment was rendered for appellee, and this appeal followed.

The substantial question presented by the motion for a new trial is as to whether the court erred in giving the jury a peremptory instruction to return a verdict for appellee.

The claim was for a commission earned under the contract entered into between the appellant and said deceased. It proceeded upon the theory that appellant had done all things by him to be done under said contract. This could be satisfied by: (a) Proof of an actual sale and transfer of the lands described; or, (b) by proof that the appellant had procured a purchaser who was ready, willing and able to purchase said lands upon the terms stated, and that deceased had refused to sell; or, (c) by proof that by and through the procurement of appellant, a third party had entered into a valid executory contract with the deceased for the purchase of said lands.

A careful reading of this record fails to disclose any evidence which will satisfy either of said conditions. The court did not err in giving said instruction, and the judgment is therefore affirmed.

Nichols, J., not participating.