## MUCHLIKI *v.* WOEFEL.

[No. 23,840. Filed April 26, 1922.]

1. DIVORCE.— *Nonpayment of Attorney's Fees.— Judgment of Contempt.—Appeal.—Notice to Prosecuting Attorney.—*Notice of appeal from a judgment finding a divorced husband guilty of contempt for nonpayment of a sum as attorney's fees allowed the wife in the divorce proceeding need not be served on the prosecuting attorney, as required in criminal cases by §2217 Burns 1914, Acts 1905 p. 584. p. 65.

2. DIVORCE. — *Contempts. — Statute. — Applicability to Divorce Proceedings.—*Section 1040 *et seq.* Burns 1914, §1005 *et seq.* R. S. 1881, as amended by Acts 1881 p. 10, §1014 R. S. 1881, concerning contempts, affects no proceeding for the enforcement of civil rights and remedies, and does not apply to a proceeding to compel a divorced husband to pay a sum decreed to the wife as attorney's fees. p. 65.

3. DIVORCE.—*Allowance of Attorney's Fees to Wife.—Enforcement of Order by Contempt Proceedings.—* A divorce decree merely adjudging that the "plaintiff should recover of and from the defendant" a specified sum of money "as attorney's fees herein," without designating when and to whom payment shall be made, is not enforceable by proceedings for contempt. p. 65.

From St. Joseph Circuit Court; *Francis E. Lambert,* Special Judge.

Contempt proceedings by Pelagia Woefel against Casimir Muchliki. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Hubbard & Pettengill,* for appellant.

*Eli F. Seebirt, Daniel D. Schurtz* and *W. A. Grzesk,* for appellee.

EWBANK, C. J.—Appellee, as plaintiff, sued appellant, as defendant, and recovered a judgment "that the bonds of matrimony heretofore existing between plaintiff and defendant be, and the same are hereby dissolved, and the plaintiff be, and she is hereby granted a divorce from the defendant, on the grounds set forth in her complaint. It is further considered and adjudged by the court that the plaintiff recover of and from the defendant the sum of $350.00 as attorney's fees herein   *   *   *   and she is hereby permitted to resume her former name of Pelagia Woefel."

Forty days later, at a subsequent term, an affidavit, signed and sworn to by one of the attorneys who represents appellee in conducting this appeal, was filed in the trial court, alleging that appellant had "wilfully and unlawfully refused to perform and obey said order and judgment in that he has failed and refused to pay all or any part of said amount to be paid by him, and this affiant asks that said defendant be required to show cause why he should not be attached for a contempt of court." This affidavit was entitled with the name of appellee, as plaintiff, and of appellant and three other persons, who do not seem to have been parties to the divorce suit, as defendants, but was given the same number as the divorce suit.

Appellant filed an affidavit to the effect that he had no money, and no property except a half interest in a certain lot, worth $800, which was subject to execution on the judgment, that he was sixty-six years old, in poor health, had undergone two surgical operations, was destitute, and was engaged in paying the fee of his own attorney. Thereupon he moved to discharge and quash

the rule against him to show cause, for the alleged reasons (a) that it was based on a judgment not enforcible by attachment or contempt proceedings; (b) which was so indefinite and uncertain in failing to fix a time for the payment of the $350 that in any event it could not be enforced by such proceedings; but (c) could only be enforced by execution.

A counter affidavit by the attorney who made the first affidavit was filed, asserting that appellant was earning $30 per week. The court overruled appellant's motion to discharge and quash the rule against him, and on June 21, 1920, entered a finding and judgment under the title and number of the divorce case, as follows:

"And the court, having heard the evidence, and being well advised, now finds the defendant guilty of contempt, as charged, and he is now sentenced to serve a period of thirty days in the county jail, commencing July 6th, 1920 (which was fifteen days thereafter), provided that in the event said defendant shall pay to the clerk of this court the sum of $350.00 then and in that event the said sentence shall be suspended. In the event the said amount is not so paid, on or before the said 6th day of July, 1920, then the sheriff of St. Joseph County is ordered to take the defendant into custody, and confine him in the county jail, as aforesaid."

Appellant excepted to this order of commitment, filed a motion for a new trial and reserved an exception when it was overruled, and then filed a motion to set aside the order adjudging him guilty of contempt and ordering him imprisoned, and again excepted when it was overruled. He then prayed an appeal, which was granted upon filing a bond, and the bond was filed the next day, and an appeal perfected under the rules which govern in civil cases.

It was not necessary to serve notice of the appeal on the prosecuting attorney, pursuant to the statute

(§2217 Burns 1914, Acts 1905 p. 584, §330) gov-
1. erning appeals in criminal cases. The affidavit
filed in this case did not charge appellant with
having interfered with the proper functioning of the
court, directly or indirectly. It only charged that he
had failed and refused to pay appellee a sum of money
which the court had adjudged to be due her. The State
of Indiana had no direct interest in the collection of this
money, whether to pay an attorney for past services ren-
dered in an action in which final judgment had been ren-
dered at a former term of court, or to reimburse her for
a fee she had paid her attorney, or for her own use, gen-
erally.

The penalty imposed by the judgment appealed from
was only in the alternative, that he be imprisoned if he
should fail to pay a sum of money to appellee.

The "act touching contempts of court" (§1040 et seq.
Burns 1914, §1005 et seq. R. S. 1881), as amended
(§1049 Burns 1914, Acts 1881 p. 10) does not
2. "embrace, limit, or control, any proceeding
against any * * * party for contempt for
the enforcement of civil rights and remedies," and the
act expressly so provides. Thistlethwaite v. State
(1898), 149 Ind. 319, 324, 49 N. E. 156; Perry v. Pernet
(1905), 165 Ind. 67, 71, 74 N. E. 609, 6 Ann. Cas. 533;
State v. Branner (1910), 174 Ind. 684, 688, 93 N. E. 70.
Appellee's motion to dismiss the appeal is overruled.
A statute gives the court authority "on decreeing a di-
vorce in favor of the wife * * * by order
3. to be enforced by attachment, (to) require the
husband to pay all reasonable expenses of the
wife in the prosecution * * * of the petition when
such divorce has been granted * * * Provided,
that such orders shall be made under the rules and regu-
lations, and upon such notice as restraining orders and

injunctions are granted in other civil actions, except that no bond shall be required of either party." §1080 Burns 1914, §1042 R. S. 1881; *Hilker* v. *Hilker* (1899), 153 Ind. 425, 428, 429, 55 N. E. 81.

But there is a marked difference between an order that a sum of money shall be paid to a certain person at or before a certain time, and a general judgment that the plaintiff shall recover a sum named. Even if understood as an order against the appellant for the payment of money it would be too indefinite and uncertain to be enforced by proceedings for contempt. It does not designate when or to whom the money shall be paid for the use suggested. *Privett* v. *Pressley* (1878), 62 Ind. 491; *Rieley* v. *Whitcher* (1862), 18 Ind. 458; *Ketchum* v. *Edwards* (1897), 153 N. Y. 534, 539, 47 N. E. 918.

The judgment is reversed, with directions to sustain appellant's motion to quash the rule against him to show cause.