## LOCRASTO *v.* STATE, EX REL. BOZARTH.

[No. 25,211.   Filed November 26, 1930.]

*Ira C. Tilton* and *J. S. Bartholomew,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

GEMMILL, J.—This is an appeal from a judgment of the Porter Circuit Court, in which the appellant, Joe Locrasto, was adjudged guilty of indirect contempt of court, fined $100, and sentenced to 30 days in jail.

It appears that the appellant and others were charged by affidavit in the Porter Circuit Court with the offense of operating a house of ill fame; and, on January 22, 1926, the State of Indiana, on the relation of William W. Bozarth, prosecuting attorney in and for the 67th Judicial Circuit of Indiana, presented to the court a verified motion for an order restraining the defendants from removing any of the personal property from the premises and from carrying on the business of prostitution on the real estate therein described, until the final hearing. A temporary restraining order was granted.

On March 5, 1926, the State of Indiana, on the relation of said prosecuting attorney, filed a verified information charging appellant with violating said restraining order, and a rule was issued for him to show cause why he should not be punished for contempt. The defendant moved the court to discharge the rule against him for various reasons stated in his motion. This motion was overruled. The defendant filed a verified answer. The prosecuting attorney filed a motion to quash the answer which was sustained. The court then found the defendant guilty of contempt as charged and pronounced judgment against him as heretofore stated.

The affidavit or information for indirect contempt may be tested as to its sufficiency by a motion to discharge

the rule, just as a complaint is tested by demurrer. The ruling of the court may be excepted to, assigned as error and reviewed on appeal, just as in case of a demurrer. 2 Hogate, Pleading and Practice §1316.

The ruling of the court on the motion to discharge the rule to show cause, and the ruling of the court on the motion to quash the verified answer (although this motion may not have been a proper pleading), should have been presented to this court as independent assignments of error, and not by a motion to reconsider or by a motion for a new trial.

In the motion for a new trial, only one statutory cause appears, and that is that the finding of the court was contrary to law. Under that specification, the information, the rule to show cause, and the answer will be considered.

Refusing to comply with a restraining order is a civil contempt, as a restraining order is for the benefit of a party, and to violate it is detrimental to the rights of such party. *Thistlethwaite* v. *State* (1898), 149 Ind. 319, 49 N. E. 156; *Anderson* v. *Indianapolis Drop Forging Co.* (1904), 34 Ind. App. 100, 72 N. E. 277. Cases of civil contempt are excepted from the operation of the statute on contempts of court, as it is provided in §1085 Burns 1926, "That nothing herein contained shall be construed or held to embrace, limit or control any proceeding against any officer or party for contempt for the enforcement of civil rights or remedies."

The verified information showed that the defendant had wilfully violated the restraining order formerly issued against him, by permitting the business of prostitution to be conducted upon the premises described in the order on the night of February 24, 1926; that the defendant was the owner of the real estate, in possession of and had entire control over same; that,

on said night, the sheriff of Porter County raided said premises and arrested three women, who were charged with the practice of prostitution; that one of them was tried before a justice of the peace and found guilty, and the others entered pleas of guilty; and that said acts were committed after the restraining order had been served on the defendant. When civil rights are involved, the charge is sufficient when it is alleged that there was an order or judgment, and that it was violated. *State, ex rel.,* v. *Branner* (1910), 174 Ind. 684, 93 N. E. 70. The information was sufficient and the rule to show cause was in accord with the information.

The verified answer stated that if the persons named in the information were unlawfully engaged in the practice of prostitution on February 24, 1926, on the premises, they were so engaged without the knowledge of the defendant, that they were not employed by him as prostitutes; that he was not present at that time; that, if he had known of any acts in violation of the order of the court, he would have put forth every effort to stop same; that he denied having had anything to do with the acts of prostitution; and that he did not own the premises.

It is contended by appellant that, by denying the charges under oath, he was entitled to a discharge under §1084 Burns 1926. But, as heretofore stated, the charge herein did not come under the contempt statute of which said section is a part, so there is no merit to his contention.

The verified answer does not show that the defendant made any effort to prevent the business of prostitution on the premises, and that, while denying ownership and possession of the real estate, he says that if he had known that the unlawful acts were being carried on, he would have put forth every effort to stop same, thus admitting that he had some control over the premises. If the prohibited acts were performed, the

law declares that the injunction was violated. *Hawkins v. State* (1890), 126 Ind. 294, 26 N. E. 43. The answer did not state facts sufficient to purge the defendant of the charge against him. If the answer fails to purge the defendant of contempt, it is unnecessary to move to strike it out or test it by a demurrer. No further trial is had, and, the answer being insufficient, the court renders judgment, punishing the defendant for the contempt of which he has not purged himself. 2 Hogate, Pleading and Practice, §1318.

The appellant has not shown that the circuit court committed any reversible error. We do not pass on the validity of the restraining order issued by the lower court, as that question is not raised by the appellant.

The judgment is affirmed.

Willoughby, J., absent.