## HAYS *v.* HAYS

[No. 27,211.  Filed October 27, 1939.]

*Noble Hays,* for appellant.
*John M. Wood,* for appellee.

SWAIM, J.—This is an appeal from a judgment of the Jennings Circuit Court finding appellant guilty of contempt of court for his failure to comply with an order directing him to pay the sum of $5.00 per week for the support of the appellant's minor child, which order for support had been entered by said court, on January 24, 1938, as a part of the judgment granting to the appellee a divorce from said appellant and awarding to appellee the care and custody of said child.

Said judgment for contempt of court was based on an affidavit filed by appellee showing the original order for payment and the failure of appellant to comply therewith.

The appellant bases this appeal on the alleged error of the court: (1) in overruling appellant's verified objection to the jurisdiction of the Hon. William Fitzgerald over said cause of action, a change of venue having theretofore been taken from him in the divorce action between the parties herein; (2) in overruling appellant's motion to require the information to be made more specific; (3) in overruling appellant's demurrer to the information; (4) in overruling appellant's verified motion in discharge of the rule to show cause; (5) in hearing evidence without issue being joined on the appellant's verified answer in discharge of the rule to show cause; (6) in overruling appellant's motion for a new trial; and (7) in overruling appellant's verified petition to be permitted to appeal herein as a poor person.

The objection of the appellant to the jurisdiction of the regular presiding judge of the Jennings Circuit Court to hear and try said contempt proceedings on the ground that a change of venue had been taken from said judge in the divorce action because of his alleged bias and prejudice was

not well taken. The jurisdiction of the special judge who was chosen to try the divorce action terminated with the entry of the final judgment in that action. *State ex rel.* v. *Davisson, Judge* (1925), 196 Ind. 451, 459, 148 N. E. 401. Many of our cases have held that a court trying a divorce case has a continuing jurisdiction over the children of the litigants during the minority of such children. This does not mean that the particular judge who tries the case, merely by reason of having tried the case, has such continuing jurisdiction over the custody of the children. The order entered by the special judge in the divorce action above mentioned was the order of the court and the violation of that order by the appellant constituted a contempt of the Jennings Circuit Court and not of the special judge who had made the order. Only the regular presiding judge of that court, or some one duly authorized to act for him, could hear the contempt proceedings. *Kissel* v. *Lewis* (1901), 27 Ind. App. 302, 306, 61 N. E. 209.

The second, third, fourth and fifth alleged errors assigned are all based on the erroneous impression of the appellant that he is charged with criminal contempt. Here the appellee by the order of the court in the divorce action was given the custody and control of the child and the appellant was required to pay a stipulated sum each week for its support. The appellant is not charged with having committed some act injurious to the other party which the court has forbidden but only with having failed to make the weekly payments for the benefit of the other party as ordered by the court. The order of the court that he be committed to jail for contempt until he complies with the original order is not punitive but coercive. *Perry*

v. *Pernet* (1905), 165 Ind. 67, 70, 74 N. E. 609. This constitutes a case of civil contempt and is expressly excepted from the operation of all of the provisions of the statute on criminal contempts. § 3-910 Burns' 1933, § 887 Baldwin's 1934, *Muchliki v. Woefel* (1922), 192 Ind. 62, 135 N. E. 177.

In the case of a civil contempt evidence may be heard and the same strictness in pleading is not required that obtains in cases of criminal contempt. In civil contempt the affidavit or information is sufficient when it shows the order of the court and its violation. Both of these requisites were met in the affidavit herein. *State ex rel.* v. *Branner* (1910), 174 Ind. 684, 688, 93 N. E. 70; *Locrasto v. State ex rel.* (1930), 202 Ind. 277, 281, 173 N. E. 456. Thus there was no error in overruling the appellant's motion to make the information more specific and in overruling appellant's demurrer thereto.

It is necessarily presumed that the trial court in the original action found that the appellant was then able to comply with the order made at that time. The order could have been appealed from and was also subject to modification on the petition of appellant showing a changed condition which would make it impossible for him to comply with the original order. In the absence of any such petition to modify the original order it would not seem to be unfair to place on the appellant the burden of pleading and proving to the satisfaction of the court such facts as would show his inability to comply with the original order.

The State of Indiana has no direct interest in the payment of this money by appellant and since this was not a case of criminal contempt the state was not a necessary party, as contended by appellant, and it was not necessary to serve notice of the

appeal on the prosecuting attorney. *Muchliki* v. *Woefel, supra.*

The only other assigned error not waived by appellant was the alleged error of the court in overruling appellant's motion for new trial. The appellant earnestly insists that the judgment of the court was not sustained by sufficient evidence. In considering this question we must bear in mind that where a person seeks to satisfy the court that his failure to obey an order was due to his inability to render obedience, the burden is on him to establish that fact. Anno. 22 A. L. R. 1266 and cases there cited. Appellant admits that under the terms of the original order of the court he is delinquent in the sum of $395.00; that since the original order he has made no payment towards the support of the child nor given the child any support in any other form; that he has made no effort to have the original order modified; that since the entry of the original judgment he has been maintaining an office and practicing law in Scottsburg, Indiana; that he has filed the complaint or appeared as attorney in more than fifteen cases filed in said court since the entering of said order and has, during such time, collected for his work approximately $200.00. The appellant also testified that he can not tell how much he had made in the practice of law during the year 1938 up to the time of the hearing of the contempt proceedings.

Most of the evidence favorable to the contention of the appellant that he was unable to comply with the original order for payment related to conditions existing at the time the original order was made.

The evidence in the divorce case is not before us in this appeal but since the sufficiency of the evidence in that case was never legally challenged by the appellant it must be conclusively presumed that it was suffi-

cient to support the implied finding of the court that at that time the appellant was able to pay the amount ordered. Proceedings for contempt for failing to obey an order can not be used as a method of reviewing the question of the sufficiency of the evidence to support such order. One can only escape the consequences of his failure to obey the order of the court by showing that conditions existing subsequent to the entering of the order make it impossible for him to obey such order. In the instant case the court was justified in finding that the evidence showed no such conditions as to excuse the failure of the appellant to comply with the original order.

The judgment is affirmed.