BASTOW *v.* KNOTTS ET AL.

[No. 18,716. Filed January 10, 1956.]

*Charles C. Campbell,* of Rochester, for appellant.

*William L. Morris,* of Rochester, for appellees.

ROYSE, C. J.—Appellant brought this action against appellees to recover commission allegedly due under the terms of a written contract for the sale of real estate.

On proper request the trial court found the facts specially and stated its conclusion of law thereon in favor of appellees. The errors assigned here are, that the court erred in its conclusion of law, and in overruling appellant's motion for a new trial.

The special findings of fact made by the court may be summarized as follows:

On and prior to August 30, 1954, appellees owned certain described real estate in the City of Rochester, Indiana. On said date appellees entered into a broker's contract with appellant for the sale of said real estate. Under the terms of this contract appellant was given the exclusive right to sell said real estate for a period of four months for $13,000 cash, or such terms as were agreeable to appellees. On or about September 1, 1954, appellant procured a prospective customer for the purchase of said real estate who agreed to pay $4,000 cash, $6,500 was to be obtained by a mortgage from the First National Bank of Rochester, and the balance of $2,500 which it was proposed appellees should carry through a note payable to them and executed by the prospective purchaser. That said offer was not accepted by appellees. That no further offer was made by any purchaser procured through the appellant which was accepted by appellees. The court further found that after the execution of said written contract, without the consent, knowledge or subsequent ratification of appellees, appellant altered the terms of said contract by inserting after the word "Possession" therein the figures and words "30 days". Upon such findings of fact the court stated as its conclusion of law—"The law is with the defendants".

In our opinion the findings of fact are sufficient to sustain the conclusion of law.

The specifications of the motion for a new trial are, that the decision of the court is not sustained by sufficient evidence, is contrary to law, and certain error in the rejection and admission of certain evidence at the trial.

This being an appeal from a negative decision of the trial court, the first specification of the motion for a new trial presents no question.

The second specification presents a question only where the evidence in the record leads inescapably to the conclusion appellant was denied relief to ■ which he was entitled under the law. *Lease* v. *G. & A. Truck Lines, Inc.* (1950), 120 Ind. App. 78, 80, 90 N. E. 2d 351; *Wadler v. Mogul Rubber Corporation et al.* (1945), 116 Ind. App. 152, 154, 61 N. E. 2d 472 (Transfer denied).

Under his complaint in this case it was incumbent that appellant prove either an actual sale and transfer of the described property, or that he had procured ■ a purchaser who was ready, willing and able to purchase the property on the terms specified in the contract, or that through the procurement of appellant a third party had entered into a valid executory contract with the appellees for the purchase of said property. *Baker* v. *Brewer's Estate* (1922), 78 Ind. App. 143, 145, 133 N. E. 397 (Transfer denied).

While there was some conflict in the evidence, a careful examination of the record herein discloses there was ample evidence to sustain the special findings of fact, and, as heretofore indicated, they were sufficient to sustain the trial court's conclusion of law.

Appellant further contends the trial court erred in refusing to admit certain evidence. In our opinion appellant has failed to show reversible error on these questions under the issues in this case.

Judgment affirmed.

NOTE.—Reported in 131 N. E. 2d 155.