## CAREY *v.* CAREY.

[No. 19,271. Filed January 19, 1961. Rehearing denied
April 18, 1961. Transfer denied June 7, 1961.]

*Kelley, Arnold & Kelley,* of Anderson, for appellant.

*Campbell, Anderson & Jones,* of Anderson, for appellee.

COOPER, J.—This is an appeal from the Madison Circuit Court wherein the appellant filed a petition to modify a decree rendered in a divorce action. The issues were made by the appellant's petition to modify and answer by the appellee filed thereto in two paragraphs, the second paragraph of the appellee's answer being a verified petition for citation for contempt of court. The appellant demurred to the appellee's reply to his petition to modify, which demurrer was overruled by the trial court. The appellant then answered the appellee's affidavit for citation. The cause was thereafter submitted to the trial court for determination

and after an order adjudging the appellant as being in contempt of court, the appellant filed his motion for a new trial, which, omitting the formal caption, is as follows:

"1. The court erred in overruling the demurrer to the plaintiff's reply to defendant's petition to modify support.

"2. The decision of the court is not sustained by sufficient evidence.

"3. The decision of the court is contrary to law."

The error assigned on appeal is the overruling of appellant's motion for a new trial; the court erred in overruling the demurrer of the appellant.

The appellant first urges his assignment of error #2 in that the court erred in overruling appellant's demurrer. Our Supreme Court has held in civil contempt proceedings the affidavit or information is sufficient when it shows the order of the court and its violation. A review of the record shows that both of these requisites were met in the affidavit and averments contained in paragraph 2 of appellee's reply. *Hays* v. *Hays* (1939), 216 Ind. 62, 66, 22 N. E. 2d 91; *State ex rel. Branner* (1910), 174 Ind. 684, 93 N. E. 70; *Locrasto* v. *State ex rel.* (1930), 202 Ind. 277, 281, 173 N. E. 456. Under the foregoing authorities, the trial court did not commit error in overruling the appellant's demurrer thereto.

The other assigned error is the alleged error of the court in overruling appellant's motion for a new trial.

We find in the case of *Hays* v. *Hays, supra,* at p. 66, the Supreme Court further stated:

"It is necessarily presumed that the trial court in the original action found that the appellant was then able to comply with the order made at that time. The order could have been appealed from and was also subject to modification on the petition of

appellant showing a changed condition which would make it impossible for him to comply with the original order. In the absence of any such petition to modify the original order it would not seem to be unfair to place on the appellant the burden of pleading and proving to the satisfaction of the court such facts as would show his inability to comply with the original order."

Therefore, in considering the question of the sufficiency of the evidence we must bear in mind that where a person seeks to satisfy the court that his failure to obey an order was due to his inability to render obedience, *the burden is upon him to establish this fact. Hays* v. *Hays, supra,* at p. 67.

It is the law in Indiana under the decisions of the Supreme Court and our court that a decision against one with the burden of proof is a negative decision against him and may not be attacked on the ground that there is a lack of evidence to sustain it. *Hinds, Executor Etc.* v. *McNair et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553; *Wherry* v. *Backelman, Trustee, Etc., et al.* (1955), 126 Ind. App. 136, 130 N. E. 2d 777; *Billman* v. *State* (1955), 234 Ind. 553, 129 N. E. 2d 795; *Bastow* v. *Knotts et al.* (1956), 126 Ind. App. 152, 131 N. E. 2d 155; §1812, Comment §6, Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice.*

The final contention of the appellant herein is that the last order made by the court in this cause is contrary to law. With this contention, we cannot agree. §3-1219, Burns' 1946 Repl., provides that:

"The court, in decreeing a divorce, shall make provision for the guardianship, custody, support and education of minor children of such marriage."

The appellant contends that under the authority of *Hachat* v. *Hachat* (1947), 117 Ind. App. 294, 71 N. E. 2d 927, and *Morris* v. *Morris* (1931), 92 Ind. App. 65, 171 N. E. 386, the trial court had no authority of law to require appellant to provide funds to defray the expenses of a general college education for the daughter of the parties. The most recent case in this matter decided by our Supreme Court is the case of *Haag* v. *Haag* (1959), 240 Ind. 291, 163 N. E. 2d 243, which affirms the general rule as set forth in the two foregoing authorities; however, we note an exception to the general rule as stated in the *Haag* case, *supra*, wherein the court stated:

> "There is a recent tendency in certain jurisdictions to require contributions to a college education for minor children. However, courts in such cases have taken 'into account various specific factors, such as the financial ability of the father, the ability and capacity of the child for college work, the nearness of the child to his majority, whether the child is self-sustaining or not, and the father's willingness to provide for such education, *as shown by some agreement thereto on his part.* In a few of the college education cases the courts have had occasion to consider the effect of particular statutory provisions.' " (Our emphasis.)

In the instant case before us the factual situation as shown by the record here is completely different than those in the cases of *Haag* v. *Haag, supra; Hachat* v. *Hachat, supra;* and *Morris* v. *Morris, supra.* In this case, we are confronted with an agreement or contract which is conducive to the general welfare of the children, and since it was incorporated into the decree, it is enforceable subject to the court's power subsequently to modify such decree. The welfare of the child is always paramount and, under such circumstances, the trial courts have broad power.

Our Supreme Court, in the case of *Garner* v. *Gordon* (1872), 41 Ind. 92, at p. 106, stated:

". . . The welfare of the child is the object to be secured, and that requires attention to many circumstances; such as its sex, age, health ▇ and social position as affected by that of its parents; *its just expectations of property* from them or either of them or from others . . . ." (Our emphasis.)

We are of the opinion that the appellant herein had a legal right to make a contract with the appellee for the support and education of their minor children. The consideration for such contract was adequate and complete, and the contract was mutually and permanently binding on both parties subject to the approval of the court granting the divorce. Where such an agreement is conducive to the general welfare of the children, *it may be incorporated in the decree and enforced,* but the court's power subsequently to modify the decree as to the custody or future support of the children is not thereby abridged. See *Carson* v. *Carson* (1950), 120 Ind. App. 1, 8; 27 C. J. S. *Divorce,* §311, p. 1177.

It affirmatively appears from the record before us that the contract of the parents was merged into the decree of divorce when the trial court in its decree stated, "Property Settlement Agreement heretofore entered into by and between the parties and which is in the following words and figures:

" '9. Carlton F. Carey agrees to maintain the educational life insurance policies of Sandra Darlene Carey and Gaye Carlene Carey, the minor children of the parties herein, such policies having previously been written in the Virginia Life Insurance Company of Virginia. The proceeds from such policies shall be used for college educations for said two children, but if either child chooses

not to use the proceeds from her policy for educational purposes, then the proceeds from such policies shall be held in trust for her until she is 21 years of age.'

"shall be, and is, incorporated herein in full as part of this order and decree."

It is, therefore, apparent that the appellant was under a contract obligation under the facts in this case to maintain the educational life insurance policies of both Sandra Darlene Carey and Gaye Carlene Carey, the minor children of the parties herein, subject to the provisions of Item 9, *supra*. Under the authorities we have heretofore cited, the court had the right to enforce the agreement which was included in the court's decree, unless the court, under a proper petition to modify, should have changed such order.

The record reveals that the appellant herein, without any authorization from the court, proceeded to cash in the policy of Sandra Darlene Carey because of personal indebtedness, and, afterwards, his attorney informed him that he should not have done so. Thereupon, the appellant deposited $5,000.00 in a local bank; that said bank account is in the name of the daughter by him.

The proceedings appealed from were for civil contempt against the appellant for cashing and converting to his own use an educational insurance policy made for the benefit of his child in violation of his agreement included in the order and decree of the court in the divorce action.

Civil contempt has been defined as a violation of an order, or decree of a court made for the benefit of an opposite party. It is not an offense so much against the dignity of the court as against the party. See *Denny* v. *State* (1932), 203 Ind. 682,

182 N. E. 2d 313. If the contempt consists of the refusal of a party to do something which he has been ordered to do for the benefit of the opposite party, the process is civil and he stands committed until he complies with the order. The order in such case is not punitive but coercive. See *State ex rel.* v. *Gentry* (1951), 229 Ind. 615, 100 N. E. 2d 676.

In the instant case the court modified the general support order and ordered the appellant to pay over to the duly appointed guardian of Sandra Darlene Carey the residue of the educational policy.

It appears that said guardianship is pending in said trial court. The appellant can purge himself by complying with the order rendered by the court. We believe the court had a right to cite the appellant for contempt under the evidence and under the law. We do not believe that the judgment of the court is contrary to law, but that the judgment of the court was just, fair and equitable and for the best welfare of the child involved.

Judgment is affirmed. Ax, C. J., Myers, Ryan, JJ., concur.

NOTE.—Reported in 171 N. E. 2d 487.